14

(C. D. 77)

M. DUBLIN v. UNITED STATES

United States Customs Court, Third Division

(Dated January 11, 1939)

*Barnes, Richardson & Colburn* (*Samuel M. Richardson* of counsel), for the plaintiff.

*Joseph R. Jackson*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States wherein the plaintiff makes the following claims:

Notice of dissatisfaction is hereby given with and protest is hereby made against your decision, dated December 16, 1935, refusing to repost bulletin notice of liquidation covering below described entry.

We claim that said bulletin notice as posted by you is null and void, that your purported liquidation is also null and void.

We further protest against the assessment of duty at 25% ad valorem and claim the merchandise to be dutiable at only 10% under Par. 1420 of the Tariff Act of 1922.

We further claim that the assessment of duties made herein is illegal and void.

The above claims severally and collectively are alternatively made under the paragraphs or sections cited, both directly, and by virtue of the "similitude" and "component material of chief value" clauses of Par. 1460 of the Tariff Act of Sept. 21, 1922, and under the rules relating to the ordinary meaning of words, the commercial designation of the merchandise, or the chief or principal use thereof.

At the hearing the Government attorney moved to dismiss the case on the ground that the protest was not filed within sixty days after liquidation, the entry having been liquidated on January 9, 1930, and protest filed December 27, 1935. It was agreed at the hearing and the court so ordered that a ruling would be made upon the motion to dismiss before the case was tried on the question of the dutiable classification of the merchandise.

It appears from the record that the regular notice of liquidation was made out in the office of the collector of customs and the same was posted in attempted compliance with article 741 (*g*) of the Customs Regulations of 1923 in effect at the time of entry of the merchandise in suit. Plaintiff claims that such posted notice was null and void in that it did not constitute such a posting as to apprise the importer of the liquidation in question.

The evidence consists of the liquidation sheets (Exhibits 1 and 2), the testimony of the clerk who prepared such sheets, and the testimony of an attaché of the firm of plaintiff's attorneys.

The facts as thus presented to the court are that the entry was filed in the name of W. J. Byrnes & Co., New York, Inc. That W. J. Byrnes & Co. of New York, Inc., was a customs broker making entries in its own name for a number of clients of plaintiff's attorneys; that at the time of this entry these attorneys represented probably 90 per centum of the importers for whom W. J. Byrnes & Co. of New York, Inc., made entry. The representative of plaintiff's attorneys examined the posting of entries made on January 9, 1930, which included entry 959879 here involved, but he testified that due to the indistinct typewriting on the notice he did not know that the entries listed included an entry of W. J. Byrnes & Co., Inc., of New York. On August 26, 1935, said representative communicated by letter, in the name of plaintiff's attorneys, with the collector of customs requesting him to repost entry 959879, so that the importer might have an opportunity to file a valid protest within 60 days of a valid posting. This request was refused by the collector and it is against such refusal that this suit was brought.

The Government's motion to dismiss is based on two grounds, first, that the protest was not filed within sixty days after liquidation, and second, that section 514 of the Tariff Act of 1922 does not authorize a protest against the refusal of the collector to repost notice of liquidation.

It is conceded that the protest was not filed within sixty days after liquidation, but plaintiff contends in his brief that due to the indistinct typewriting of the name of W. J. Byrnes & Co., there was not such a posting of the liquidation of the entry as to apprise the importer of the same or to start the time running within which protest could be filed under the statute.

The Customs Regulations of 1923, in effect at the time this entry was made, in article 741 (*g*) thereof provide as follows:

Art. 741. * * *

(*g*) When the liquidation is completed, the entry must be stamped with the word "liquidated," and the date of stamping. This stamp is the legal evidence of liquidation, and on the same day a bulletin notice thereof, on Customs Form 4333, must be posted in a conspicuous place in the customhouse for the information of importers

Authority for this regulation is found in section 504 of the Tariff Act of 1922, which, insofar as pertinent, is in the following language:

Sec. 504. * * * Upon receipt of the appraiser's report * * * the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid * * * and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury * * *.

Section 514 of the Tariff Act of 1922, which authorizes protests provides, insofar as material, as follows:

Sec. 514. Protest.—All decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs revenue laws, and his liquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry, shall be final and conclusive upon all persons, unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation or decision, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto * * *.

This section is very broad in that it grants the right of protest against "all decisions of the collector, * * * as to the rate and amount of duties chargeable." An importer or any one authorized by the statute to file a protest, must of necessity receive a notice of the rate and amount of duties chargeable before he can file an action against such rate and amount. The regulations under the statute provide for the manner in which he shall receive such notice. If, as claimed in this case, the notice is insufficient, and the importer is thereby prevented from filing timely protest against the collector's decision, how is he to obtain redress? The record before us shows that in this case the importer's attorney applied to the collector for relief, that is, he requested that the notice be reposted in order that he might file his protest within the statutory time from such notice. Upon the refusal of the collector to grant such request the attorney filed suit in this court. The fact that his pleadings specifically state as his reason for protest the action of the collector in refusing to repost the bulletin notice, and that section 514, *supra*, contains no specific provision for protest against "refusal" of the collector to repost notice of liquidation, should not deprive the importer of his rights under the law if the wording of the statute is sufficiently broad to cover such a contingency. We think it is. See *United States* v. *Cousinery et al.*,

TREASURY DEPARTMENT
Arts. 741, 771, 772, O. R., 1923
Aug. 11-25

## BULLETIN NOTICE OF ENTRIES LIQUIDATED Port....................................

Entries Liquidated on........JAN 9 1930................, and so Stamped

| ENTRY NO. | DATE OF ENTRY | IMPORTER | VESSEL | REMARKS (Increase, refund, no change) |
|---|---|---|---|---|
| 9 59865 | 6 18 29 | M "ye | Sam | |
| 959868 | | M "ye | Sam | |
| 959860 | | B Ulmann | G Wash | |
| 959876 | | International Ores | Minet | |
| 959879 | | W J Byrnas | Cw | |
| 959883 | | Stein Hall | Cw | |
| 959885 | | J E Be nard Co | Wash | |
| 963700 | | Norda Essentia | Minn | |
| 963701 | | Magnus Mabee Rey | Minn | |
| 963703 | | Cahn Co | G Wash | |
| 963704 | | " | St L | |
| 963705 | | " | PP | |
| 963706 | | Luow Watch | I de F | |
| 963707 | | N Y Merc Co | Rel | |
| 963708 | | A Sulka Co | PP | |
| 963711 | | Globe hipping | Rel | |
| 963712 | | F Loeser | Cw | |
| 963713 | | Globe Shipping | Rel | |
| 963714 | | Ormai Co | R l | |
| 9 63716 | | Strohmeyer Arpe | Sat | |

U. S. Customs Court
Exhibit No. ...2...
... 822940-G
Date ...on...
NOV 17 1937 Reporter

11 .20 WNE

NO CHANGE

EXHIBIT 2.—PROTEST 822940-G.

25 Fed. Cas. p. 677. Even were that not the proper construction of section 514, the pleadings also contain a claim that the liquidation is null and void. No one would question the right of the importer to file a protest making that claim.

As to the timeliness of a claim against the liquidation, under plaintiff's theory that the posting of notice was insufficient to apprise him of the liquidation, we observe that section 504, *supra*, makes the giving of notice a coordinate obligation with ascertaining, fixing, and liquidating the rate and amount of duties to be paid. Whether it may be said that the giving of notice is actually a part of the liquidation or not, it does command an equal position in the statute, and the obligation is upon the collector to give the statutory notice just the same as the obligation is upon him to "figure" the amount of duties.

The statute requires the Secretary to prescribe the form of notice. He has done that and there has been promulgated what has been designated as Form 4333. Exhibits 1 and 2 seem to be the original and carbon copy of such form, Exhibit 2 apparently being the original. The headings on this form are intended to indicate the information that is to be written on said form below such headings. We append a photostat copy of this form as posted (Exhibit 2). Under the heading "Importer" it will be observed that the name opposite entry 959879 is "W. J. Byr" something, either nes or nns or nos—we cannot say. Whatever it may be as written it does not give the name of the importer. The notice, therefore, with reference to this entry did not post the name of the importer, and since the posting of notice is in our judgment a coordinate part of the liquidation, we hold that the protest is good insofar as it is aimed against the refusal of the collector to post the correct notice; and that the collector should proceed to make a legal liquidation which includes a legal notice.

For the reasons stated above the motion to dismiss is denied.