(C. D. 346)

M. S. & J. A. WORKMAN, INC. *v*. UNITED STATES

United States Customs Court, Third Division

(Decided June 3, 1940)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue, Charles J. Miville*, and *Francis X. O'Donnell, Jr.*, special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States wherein the plaintiff seeks to recover a certain sum of money collected as customs duties upon an importation of hides or skins of cattle of the bovine species imported at the port of New York. The protest is based on the refusal of the collector to repost bulletin notice of liquidation and is in the following language, to wit:

Notice of dissatisfaction is hereby given with and protest is hereby made against your decision, dated February 15, 1938, refusing to repost bulletin notice of liquidation covered by the entries below named, or other merchandise covered by said entries, and contained in the cases or packages marked and numbered as below stated. The reasons for objection are as follows:

We claim that you have failed to give notice of liquidation under Sec. 505 of the Tariff Act of 1930. We further claim that your purported notice of liquidation contained in your bulletin of March 20, 1936, was insufficient under Sec. 505. We further claim that said purported posting is null and void and that the liquidation is null and void.

We further protest against your assessment of duty at 10% ad valorem under Par. 1530 on the merchandise covered by the said entry. We claim that the said merchandise is free of duty under Par. 1681 of the Tariff Act of 1930.

    \*       \*       \*       \*       \*       \*       \*

The facts developed at the hearing and as disclosed by an examination of the papers are that the importer attempted to enter the mer-

chandise involved free of duty but he thereafter was given the privilege of amending his entry, filed an amended entry, and paid duty on the basis of the amended entered value. In due course said amended entry passed to liquidation which occurred on March 20, 1936. On that date the collector posted in the customhouse notice of liquidation on customs Form 4333, a photostatic copy of which is attached hereto and made a part hereof.

The importer's representative testified that he was unable to find a notice of liquidation because it had been posted on a sheet which had been stamped with a rubber stamp "FREE," and that it had been the practice of the collector for a long time to group free entries on a separate grouping from entries wherein the rate of duty had been increased or from entries where there was no change. On cross-examination he admitted, however, that he did not examine the free sheet because ordinarily they are not interested in entries which are liquidated free.

The record shows that on some date after March 20, 1936, demand was made by the attorneys for the importer for a reposting of the notice of liquidation. Upon refusal of the collector to repost, the present protest was lodged.

. The Government's contention is that the notice of liquidation posted was one in strict conformity with section 505 of the Tariff Act of 1930 and article 820 (h) of the Customs Regulations of 1931. The section of the statute and the article of the Customs Regulations of 1931 involved are as follows:

SEC. 505. PAYMENT OF DUTIES.

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

ART. 820. * * *

(h) When the entry is returned to the collector after the assessment of duty has been verified by the comptroller, the liquidation shall be deemed completed. The entry will then be immediately stamped with the word "liquidated" and the date of stamping, which is the legal evidence of liquidation, and on the same day a bulletin notice thereof (customs Form 4333) must be posted in a conspicuous place in the customhouse for the information of importers.

It will be noted that the notice of liquidation was made upon the printed form prescribed by the customs regulations. This printed form carries in the column of "Remarks" certain data, to wit, "In-

UNITED STATES CUSTOMS SERVICE  Collection Dist. No.

**BULLETIN NOTICE OF ENTRIES LIQUIDATED**  Port

Entries Liquidated on **MAR 20 1936** and so Stamped

| ENTRY NO. | DATE OF ENTRY | IMPORTER | VESSEL | REMARKS (Amount, Island, no charge) |
|---|---|---|---|---|
| 313332 | 9 7 35 | The Anglo American Direct Tea Trading co | Amer Trader | |
| 313333 | 7 | Theo Crowell co | Anna Maersk | |
| 315035 | 9 16 35 | J A Workman Inc | Pres Polk | |
| 316974 | 25 | H A Astlett & co | Greystone Castle | |
| 317712 | 28 | Baker Irons & Dockstader inc | C of Fairbury | |
| 317940 | 30 | J Aron & co Inc | Parnahyta | |
| 318000 | 30 | Hersh Van Siclen | Silverstreak | |
| 318001 | 30 | Dumont Shpg co Inc | Georgic | |
| 318028 | 30 | United Fruit co Inc | Musa | |
| 318031 | 30 | Wessels Kulenkamp co | Peton | |
| 318044 | 30 | McGraw Hill Publishing inc | C/ | |

R. 11/11

crease, refund, no change." From an examination of the various pages of Exhibit 1, the official bulletin notice of posting of liquidations, we conclude that these remarks amount to directions as to what shall be put opposite the entries under the column headed "Remarks." That is to say, if the duties had been increased on liquidation the column of remarks should carry that notation; if a refund was to be made on an entry that fact should be noted; and if no change had been made in the amount of duties, then the remark should be "No change." However, at the port of New York where the volume of liquidations is enormous, the collector, for the convenience of all parties concerned, has adopted the practice of grouping entries and of stamping on the different pages of entries so grouped the words "FREE" if the entries are liquidated free of duty, "INCREASE" if the group of entries had suffered an increase of duty, and "NO CHANGE" if there had been no change in the amount of duty.

With reference to the instant entry, 315035, the collector did not follow directions on customs Form 4333, nor did he follow the administrative practice of listing same on a "NO CHANGE" sheet. This entry was not a free entry but was a duty-paid entry and, therefore, should have been posted (since there was no increase in the estimated duties) so as to clearly indicate that there was no change in the amount of duty that had been deposited. The collector not having complied with the requirements of the form adopted by the Secretary under article 820, *supra*, nor the long-continued practice as to the grouping of entries, we hold that the requirements of the regulations were not complied with and no proper notice of liquidation was given to the importer.

This court held in the case of *M. Dublin* v. *United States*, 2 Cust. Ct. 14, C. D. 77 (we quote from the syllabus):

* * * Whether or not the giving of notice is actually a part of the liquidation, section 504, Tariff Act of 1922, makes such giving of notice a coordinate obligation with ascertaining, fixing, and liquidating the rate and amount of duties to be paid. Therefore the obligation is upon the collector to give the statutory notice.

We held in that case that the collector should proceed to make a legal liquidation which includes a legal notice.

No proper notice of liquidation was given to the importer in the instant case, and we therefore hold that plaintiff's claim that the collector erred in refusing to repost notice of liquidation should be and the same is hereby sustained.

Judgment will therefore be rendered directing the collector at the port of entry to make a legal liquidation, which includes the statutory notice.

It is so ordered.