(C. D. 667)

M. M. DU POUEY v. UNITED STATES

United States Customs Court, Third Division

(Decided July 15, 1942)

*Philip Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This case is now before the court on rehearing. It was decided in *M. M. Du Pouey* v. *United States*, C. D. 573, favorably to the plaintiff's contention, the court holding on the record presented that the reliquidation by the collector on November 29, 1938, was void because it occurred more than 60 days after the original liquidation of the entry on July 19, 1938.

Counsel for the defendant filed an application for rehearing which was granted. One of the contentions made by defendant in his brief accompanying his application for rehearing was that the so-called liquidation of July 19, 1938, was incomplete and therefore ineffective and that the only legal settlement of duties occurred on November 29, 1938, which was considered in the decision of the court as a reliquidation. The protest was filed within the statutory time after the so-called reliquidation.

The merchandise covered by the entry in this case consists of red clover seed which is dutiable at 5 cents per pound under paragraph 763 of the Tariff Act of 1930, as amended by trade agreement with France (T. D. 48316). The importer entered a quantity of 32,700 pounds of seed, the total amount of duty computed on the entry at 5 cents per pound being $1,635. The United States weigher found that the shipment contained 32,833 pounds of seed and the liquidator computed the duty on the entry as $1,641.55, making a difference in duty of $6.65. In addition to the above computation of duties on the entry, there is a stamp reading "Liquidated as entered" with the date "July 19, 1938" underneath. The latter statement and date are crossed out by lines in red ink on the entry and the following note appears in handwriting next to the statement: "Liquidated as entered stamp cancelled by G. P. L. on 10/22/38."

On the rehearing, the defendant offered proof tending to show exactly what was done by the various customs officials. The first witness

was Mr. William E. Gelthorpe who is a liquidator for the comptroller of customs at New Orleans. He testified that on July 16, 1938, he verified the tentative liquidation of the collector showing an increased duty of $6.65 and that he placed his initials and the official verification stamp on the entry. That verification stamp, bearing the date of June 16, 1938, together with the initials of the comptroller's liquidator, appears next to the following computation of duties on the entry:

| | |
|---|---|
| Estimated duties paid | $1,635.00 |
| Liquidated duties | 1,641.65 |
| Increase | 6.65 |
| Liquidated | Jul. 19, 1938 |

Under this notation appears the following in handwriting in red ink.

Date liquidated (7/19/38) stamped by G. P. L. 10/22/38.

On a slip of white paper attached to the entry, under the heading "Reliquidation" appear the same computations above copied from the entry, the only difference being that the last line reads "Re-liquidated Nov. 29, 1938."

The next witness called by the defendant was Mr. Thomas E. Collins who is a clerk in the liquidating division of the customhouse, having charge of posting notices of liquidations on the bulletin board. He testified that the entry was posted on the bulletin board on July 19, 1938, "as entered" but he produced a copy of the bulletin notice and discovered that the word "Increase" had been inserted in typewriting, in the same line with the involved entry, in the space headed by the words "Remarks (increase, refund, no change)." This notice was introduced in evidence and marked exhibit 2. An examination of the exhibit shows that the words "As entered" are opposite the third from the last item on the page and that two ditto marks were formerly placed opposite the last two items under the words "As entered." The last item on the page covers the entry herein involved. However, the exhibit shows that the ditto marks opposite that item have been crossed out by a line running to the following words in handwriting at the bottom of the page: "Originally reported 'as entered.' "

The next witness called by the defendant was Mr. Henry A. Blancq who is the deputy in charge of the liquidation division at the customhouse. He testified that he made the change on exhibit 2 by crossing out the ditto marks in the line containing the entry number herein involved and inserting the words "Originally reported 'as entered' " when the error was called to his attention but he did not remember exactly the date when the correction was made, although he remembered that it was some time prior to the so-called reliquidation of November 29, 1938; that he was sure the word "Increase" was not on the bulletin notice when it was posted. The witness testified

further that there was another posting of the entry on November 29, 1938, and the bulletin notice for that date was admitted in evidence and marked exhibit 3. That exhibit contains the specifications with respect to the entry herein involved under the heading "Consumption reliquidation," and, under the heading "Remarks" appears the word "Increase."

This evidence indicates that, before the first posting, the comptroller verified the collector's tentative liquidation on the entry showing an increase in duty of $6.65. Whether the rubber stamp containing the words "Liquidated as entered" was on the entry at the time of verification by the comptroller is not shown. At any rate, the comptroller did not consider that rubber-stamp notation or verify it.

Section 523 of the Tariff Act of 1930 describes the duties of the comptrollers of customs. The third paragraph of that section relates to the verification of the collector's computations. It reads as follows:

Comptrollers of Customs shall verify all assessments of duties and allowances of drawbacks made by collectors in connection with the liquidation thereof. In cases of disagreement between a collector and a Comptroller of Customs, the latter shall report the facts to the Secretary of the Treasury for instructions.

Section 505, which relates to the procedure regarding the payment of duties, reads as follows:

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

Articles 818 (g), (h), and (i) of the Customs Regulations of 1937, which were in force at the time of the instant importation, provide that after a tentative liquidation of the collector he shall transmit to the comptroller of customs the entries together with the invoices, returns of officers including returns of the weighers, gaugers, and measures, and the comptrollers shall ascertain by original computation the amount of duties and internal revenue taxes due. When there is no disagreement between the tentative liquidation by the collector and the verification thereof by the comptroller, the comptroller's liquidator shall endorse the entry "verified" and with the date of verification over his initials in red ink. Upon the return of entries to the collector after the assessment of duties and internal revenue taxes have been verified by the comptroller, formal entries shall be immediately scheduled on a bulletin notice of liquidation, customs

Form 4333. The instruction with regard to the posting on the bulletin board in paragraph (i) reads as follows:

The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers and shall be dated with the date of posting. The entries for which the bulletin notice of liquidation has been posted shall be stamped "liquidated" and with the date of liquidation which shall be the same as the date of the bulletin notice of liquidation. Such stamping is the legal evidence of liquidation.

From the testimony now before the court, it is evident that the notice posted on the bulletin board on July 19, 1938, did not notify the public of the character of the computations of duty made by the collector and verified by the comptroller. It gave notice that the entry was liquidated "as entered," whereas the actual computations on the entry made in accordance with the terms of the statute and the regulations showed an increase of duties. In other words, the bulletin notice was incorrect.

In the case of *M. S. & J. A. Workman, Inc.* v. *United States*, 4 Cust. Ct. 295, C. D. 346, the court held that the collector is required by statute to give a correct notice of liquidation. In that case an entry upon which duty was assessed on liquidation was posted on the bulletin board as "free." The court held that the liquidation was not properly posted and directed the collector to make a legal liquidation which included the statutory notice thereof.

In *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. 205, C. A. D. 147, the collector posted a liquidation on the bulletin board at the customhouse erroneously using the name of the importer as "Astrigent Wood Furniture Co." and giving the date of entry as "May 9, 1934" rather than the correct date which was "May 9, 1933." No protest was filed against that liquidation but subsequently counsel for the importer discovered that the entry had been stamped "Liquidated" and that the entry had been considered by the collector as liquidated, even though an improper notice of such liquidation had been published, and he wrote a letter to the Commissioner of Customs requesting that he instruct the collector to post a proper notice of liquidation in order that the importer might have an opportunity of filing a timely protest against the assessment. This request was denied and the importer filed a protest against the collector's refusal. The United States Customs Court sustained that protest (*Astra Bentwood Furniture Co., Inc.* v. *United States*, 4 Cust. Ct. 19, C. D. 273) but on appeal the decision below was reversed on the ground that the collector's refusal to post a correct notice was not a decision of the collector against which protest would lie under section 514 of the Tariff Act of 1930 and that the protest was premature because there had not yet been a legal liquidation. The court said:

We hold, therefore, that there has been no final legal liquidation of the involved entry against which, within the purview of section 514, *supra*, the importer may

"within sixty days after, but not before such liquidation" file a protest; that the protest in the instant case is premature, and, therefore, untimely, and should have been dismissed by the trial court.

In conclusion, we think it proper to say that it is the duty of the collector to complete his liquidation of the entry in the manner provided by law so that the importer, if it sees fit to do so, may protest the liquidation within the time prescribed by section 514, *supra*.

In harmony with the above decisions, it must be held in the case now before the court that the so-called liquidation of July 19, 1938, was not a legal liquidation because an incorrect notice of the settlement of duties verified by the comptroller was posted on the bulletin board. Nor did the correction of that notice made by the deputy collector at some unknown subsequent date cure the defect because the statute and regulations contemplate that the posting and the stamping of the entry with the word "Liquidated" shall occur simultaneously. The first legal liquidation, then, is the so-called reliquidation of November 29, 1938, because that is the first date when the notice on the bulletin board reflected the legal computation of duties on the date when the entry was correctly stamped.

Although the protest in this case contains a claim that the merchandise is dutiable at 10 or 20 per centum ad valorem under paragraph 1558, that claim being unsupported by the evidence, the claim relied upon by the plaintiff is that the so-called reliquidation is void because it occurred more than 60 days after the original liquidation. We are reluctant to be compelled to overrule this claim because the statute contemplates that when an importer is notified of the settlement of duties, no further duties may be assessed subsequent to 60 days after that settlement, in the absence of fraud. It is manifestly unfair to an importer if a collector is allowed to assess higher duties on an importation long after he has received notice that the amount of duties he paid has been verified and approved, because he may have sold his merchandise at a price based on the cost of the goods, which cost would necessarily include the amount of duties paid, thus involving a direct loss on the transaction. It is manifest that after such a sale an importer could not go to his customer and demand a higher price for the goods for the purpose of meeting the increased duties. An examination of the Report of the Committee on Ways and Means to the Committee of the Whole House of Representatives on section 514 of the Tariff Act of 1922, quoted in our original decision in this case, shows that Congress did not intend that such a contingency should happen more than 60 days after liquidation, even though the collector erred in his first computation of duties.

However, in view of the decisions above cited, we are compelled to hold that the so-called liquidation of July 19, 1938, was a nullity and that the first legal settlement of duties occurred on November 29, 1938, wrongly designated by the collector as a reliquidation, but

which was in fact the first legal liquidation. There is nothing in the record tending to show that this settlement of duties was erroneous, and, therefore, the protest must be and hereby is overruled. Judgment will be entered in favor of the defendant.