(C. D. 1581)

JUDSON SHELDON DIVISION, NATIONAL CARLOADING CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 26, 1954)

*Pillsbury, Madison & Sutro* (*Stanley J. Madden* and *John A. Sutro* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

EKWALL, Judge: These two protests have been consolidated. They cover the same entry. The merchandise described on the entry as "8 UNITS ROAD GRADERS CATERPILLAR MODEL C-12 AMERICAN MFRS. RETURNED, OTHER ARTICLES" was assessed by the collector at the rate of 15 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. Plaintiff, in protest 185864–K, claims the goods free of duty under paragraph 1615 of the same act, as American goods returned, and, in protest 185865–K, the claim is made that a proper notice of liquidation was not posted, as required by section 16.2 (*d*) of the customs regulations, 1943 edition.

From the record, it appears that these American machines were exported from the United States to Australia in a nonworking condition and consisted of the complete engine, complete transmission, complete power controls, and complete tandem drive. In addition, some finished parts were provided for incorporation in the complete units. The frame, hood enclusure, cab, all sheet metal work, leaning front wheel assembly, and front wheels and tires were manufactured and assembled in Australia. From the report of the appraiser in evidence, it is apparent that he considered the American manufactured articles had been advanced in value and improved in condition to such an extent as to be excluded from the provisions of paragraph 1615 (a), Tariff Act of 1930, as amended, and, therefore, were dutiable under the provision for other machines, not specially provided for, in paragraph 372, *supra*. The appraiser further reported the value of the Australian manufactured parts and the value of the assembly work performed in Australia to be 21.2 per centum of the unit price of the complete motor grader. At the trial, it was stipulated "that 27.4 per cent of the graders were of foreign origin."

Paragraph 1615 of the free list exempts from duty the following:

(a) Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means.

It further provides:

(g) Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph.

The collector's report in the case of each protest here involved states that the protest is untimely, having been filed more than 60 days subsequent to liquidation. (Section 514, Tariff Act of 1930, 19 U. S. C. §1514.) Government counsel moved to dismiss for untimeliness.

It is claimed on behalf of the plaintiff that there has been no final liquidation for the reason, as alleged, that the liquidation was not properly posted, as required by section 505 of the Tariff Act of 1930. If we find that this contention is borne out by the evidence, the liquidation cannot be considered to be complete so as to commence the running of the 60-day statute of limitations. *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147.

Article 16.2 (*d*) of the Customs Regulations of 1943, in effect at the time here involved, provides, in part, as follows:

Upon the return of entries to the collector after the assessment of duties and internal-revenue taxes has been verified by the comptroller, formal entries shall be immediately scheduled on a bulletin notice of liquidation, customs Form 4333. * * * The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers and shall be dated with the date of posting. The entries for which the bulletin notice of liquidation has been posted shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation.

An examination of the bulletin notice here involved discloses that it stands alone on one sheet on the usual form for such notices and is as follows:

Entries Liquidated on May 23, 1950, and so Stamped

| KIND OF ENTRY | ENTRY NO. | DATE OF ENTRY | IMPORTER OR CLAIMANT | VESSEL | REMARKS (Increase, decrease, no change) |
|---|---|---|---|---|---|
| | 01824 | 48/49 | FREE ENTRIES— WITH DEPOSIT  National Carloading Corp. Judson Sheldon Division | Indian Bear | Increase |

Plaintiff contends that under the ruling in the case of *United States* v. *Astra Bentwood Furniture Co.*, *supra*, the above is an insufficient posting. This contention is based on the allegation that the name of the importer is incorrectly listed and that the date of entry is also incorrectly noted. An examination of the entry in question discloses that the importer of record is noted as "National Carloading Corp— Judson Sheldon Division," exactly as noted in the bulletin notice. The signature appearing on said entry is typewritten and appears as "JUDSON SHELDON DIVISION," underneath which appears "NATIONAL

CARLOADING CORP." In the *Astra Bentwood Furniture Co.* case, *supra*, the name appearing on the bulletin notice was "Astringent Wood Furniture Co.," and the date of entry was given as May 9, 1934, whereas the proper date of entry was May 9, 1933. The court held this was insufficient posting to inform the importer of the identity of the shipment. The instant case is clearly distinguishable from the cited case, insofar as the posting of the name of the importer is concerned. Here, the name appears exactly as it is given in one portion of the entry. However, we find that there are discrepancies in the listing which may have misled the importer. For instance, the date of entry, which the documents in evidence show was December 14, 1948, is given as "48/49," and under the heading of "REMARKS" appears the word "Increase." Plaintiff here contends that it was unable to determine whether this meant an increase over the original free entry claimed or whether it referred to a further increase in duty over that which had been paid. It is also contended on the part of plaintiff that it was further confused by the heading of the notice (customs Form 4333), which appears as "Free Entries—With Deposit." In view of the fact that it had paid a 15 per centum duty upon a portion of the merchandise which the Government examiner requested, it was plaintiff's understanding that this became a dutiable consumption entry, and it considered that the form should have been headed "Dutiable Consumption Entry."

Plaintiff cites in support of its position the case of *M. S. & J. A. Workman, Inc.* v. *United States*, 4 Cust. Ct. 295, C. D. 346, where the bulletin notice of a dutiable entry was posted on a sheet marked "Free." The court in that case held that the posting was insufficient under the statute and regulations and rendered judgment directing the collector to make a legal liquidation, which would include the statutory notice.

After a careful consideration of the record, we find that the bulletin notice herein was insufficient, that no proper notice of liquidation was given to the importer, and that the collector of customs at the port of entry should post a proper notice of liquidation.

In view of our conclusion, we find it unnecessary to discuss the other issues raised in the protests.

Both protests are, therefore, dismissed as premature, there having been no legal liquidation of the entry against which protest might be filed.

Judgment will be rendered accordingly.