(C. D. 1848)

LORRAINE FIBRE MILLS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 26, 1957)

*Siegel, Mandell & Davidson* (*Joshua M. Davidson* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Dorothy C. Bennett,* trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: The protest in this suit is directed against the legality of a reliquidation of warehouse entry No. 39469, dated June 12, 1947. It is claimed that the reliquidation is null and void on the following grounds: (1) That the entry did not appear in the daily bulletin of liquidation postings for December 21, 1953; (2) that the reliquidation contravenes section 515 of the Tariff Act of 1930, which, it is claimed, makes no provision for a reliquidation that increases the rate or amount of duty; and (3) that the reliquidation occurred more than 60 days after the original liquidation.

Counsel have by stipulation withdrawn the previous submission of this case and have resubmitted it to the third division as now constituted.

The pertinent provisions of the tariff act are as follows:

## SEC. 505. PAYMENT OF DUTIES.

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

## SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

* * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury) * * * under any provision of the customs laws, and his liquidation or reliquidation of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. * * *

## SEC. 515. SAME.

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. * * *

At the time of reliquidation, the Customs Regulations of 1943, as amended, provided:

**16.2 Procedure; notice of liquidation.—**

\*       · \*       \*       \*       \*       \*       \*

(*d*) After liquidation by the collector, formal entries shall be scheduled promptly on a bulletin notice of liquidation, customs Form 4333. * * * The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers or lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidations of entries are to be found. The bulletin notice of liquidation shall be dated with the date of posting or, if not posted, with the date it is lodged in the above-described place for the information of importers. The entries for which the bulletin notice of liquidation has been prepared shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date

of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation.

The merchandise involved herein was entered as jute webbing dutiable under paragraph 1015 of the Tariff Act of 1930 at 35 per centum ad valorem and estimated duties in the sum of $3,691.45 were paid. In the original liquidation, the merchandise was assessed with duty as jute fabrics with fast edges at 17½ per centum ad valorem under said paragraph 1015, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, which modification applies to certain fabrics with fast edges but not to jute webbing. A refund of $1,845.72 was allowed, but plaintiff filed a protest claiming that the merchandise was entitled to free entry under paragraph 1750 (apparently as jute waste). Subsequently, the plaintiff abandoned the protest, and it was dismissed by a division of this court on October 15, 1953. Meanwhile, the chief liquidator, John J. Hardy, had placed the following memorandum on the entry:

In the event that decision is made favorable to Govt as a result of protest. Reliquidate immediately at 35% P. 1015 TA/30.

Hardy

Following the memorandum, on December 21, 1953, the collector reliquidated, or attempted to reliquidate, assessing duty at 35 per centum ad valorem, and the refund previously allowed the importer was collected. The present protest was filed thereafter.

Before summarizing the testimony herein, which has to do with the posting of the notice of reliquidation, we shall dispose of the second and third points raised in plaintiff's protest, but not pressed in its brief.

In the second point, it is claimed that section 515 of the Tariff Act of 1930 makes no provision for a reliquidation with an increase in rate or amount of duties. That section is concerned with the collector's right to modify his decision and make refund in response to a protest and has no application to the present situation, where the reliquidation was not made in connection with a review of a protest. In section 514, however, it is provided that a liquidation is not final and conclusive on all parties (including the United States) until 60 days thereafter, and it has been held that the collector may reliquidate an entry during that period, assessing higher duties. *Edward & John Burke, Ltd.* v. *United States*, 6 Cust. Ct. 227, C. D. 469.

The third point claims that the reliquidation is null and void on the ground that it was made more than 60 days after the original liquidation.

Said liquidation occurred on December 1, 1950, and, had no protest been filed, the collector's time to reliquidate would have expired 60 days thereafter. However, on January 12, 1951, 42 days after liqui-

dation, a protest was filed. The pendency of that protest operated to arrest the running of the statute of limitations, which still had 18 days to run. *Klumpp* v. *Thomas*, 162 Fed. 853, T. D. 29103; *Chew Chong Tai* v. *United States*, 56 Treas. Dec. 365, T. D. 43641. The decision on the protest, dated October 15, 1953, became final and conclusive on December 14, 1953, at the expiration of the 60-day period during which an appeal could have been taken. The running of the statute recommenced, but the collector had 18 days during which he might reliquidate. *Von Bremen, Asche & Co.* v. *United States*, 38 Treas. Dec. 730, T. D. 38546. Since the attempted reliquidation herein was made on December 21, 1953, it was within the 18-day period, and would be valid, if legally completed within that time.

The testimony taken at the trial primarily has to do with that question, namely, whether the reliquidation was completed by the proper posting of notice. The first claim of the protest is that it was not. On this point, plaintiff called Howard Macumber, an employee of R. F. Downing & Co., customs broker, and, in rebuttal, Charles F. Appel, an attorney associated with Sharretts, Paley and Carter. Defendant called John J. Hardy, chief liquidator in the office of the collector of customs in New York; Henry J. Elmiger, deputy collector in charge of the Division of Monies and Accounts; Hyman M. Singer, head of the Impost Miscellaneous Section; and Edward Joseph Goodey, fiscal accounting clerk in the Monies and Accounts Division, Refund and Increase Section. In addition, a number of documents were received in evidence.

The normal procedure for preparing notices of liquidation and placing them in a public place was described by the Government witnesses as follows: Liquidated entries are received daily in the Impost Miscellaneous Section, where they are sorted according to the type of liquidation, such as increase, no change, or refund. They are placed in numerical sequence and stamped with a date a week or two later. Bulletin notices of liquidation are prepared in quadruplicate. Each sheet is headed "Bulletin Notice of Entries Liquidated. Entries Liquidated on ———————— and so Stamped." (Defendant's illustrative exhibit G.) The original sheets are kept aside to be placed with other notices for that month in a bound volume, which is made up at the end of the month. One copy of the bulletin notice goes to the Liquidation Division and two copies to the supervisor of the Increase and Refunds Section. The latter is supposed to see that any increase is billed and that one copy of the notice of liquidation is exhibited. (Another copy of the notice of liquidation may be wrapped around the entry.) The bulletin notices for a particular day are clipped together in a folder bearing the date on the cover. The folder for the current day and the entries covered by the notices therein are placed on the desks or tables in a room in the customhouse,

which is open to the public. This looseleaf folder is the public document that is available to brokers and importers for inspection.

At the close of business, the entries are placed in a wire basket on the counter separating the public portion of the room from the office of customs employees. Any extra copy of the bulletin notice which may be wrapped around an entry is destroyed. The folder of bulletin notices of liquidations is placed in a cabinet in the public portion of the room, where it is kept for 30 to 60 days. After the bound volumes of the original notices have been made up, the clerks are supposed to destroy the daily bulletin folders. The bound volumes are placed in the cabinet and are available to the public.

In the event that alleged errors in the notices are brought to the attention of customs officials, the circumstances are investigated, and, if an error is found, the notice is canceled and a new notice issued for a subsequent date, as such notice cannot be made retroactive. The same procedure is followed where no notice has been made available to the public.

As to the instant reliquidation, Mr. Macumber testified that, on the morning of December 21, 1953, in the course of his duties, he examined the bulletin of liquidations at the customhouse and also the entries which had been laid out on the desk in the public room. He stated that the entry involved herein, entry No. 39469 in the name of Lorraine Fibre Mills, Inc., was not listed on the sheets in the folder containing notices of liquidations for December 21, 1953. This folder was received in evidence at the trial (plaintiff's collective exhibit 1), and an examination of it shows that the entry in question is not listed on any of the sheets therein.

Subsequently, on December 22 or 23, Fiscal Accounting Clerk Goodey gave Macumber the entry herein, together with a notice of increased duties due. Goodey told Macumber, "Here is the entry they're looking for," but Macumber did not know what he meant. (According to the testimony of Goodey, a Mr. Ollinger had asked about the entry on the morning of December 21, before Goodey had received it.) Macumber proceeded to copy the reliquidation from the entry, noticed the date, December 21, 1953, and rechecked the bulletin notice of liquidation for that day (plaintiff's collective exhibit 1), but did not find the entry listed. No bound volume of bulletin notices for December was then available for inspection.

The Government witnesses explained in detail what had been done in connection with the reliquidation of this entry. On December 18, 1953, after the judgment of the court dismissing the protest to the original liquidation had become final, the entry was reliquidated pursuant to instructions of the chief liquidator. On December 21, it was brought to Deputy Collector Elmiger and the word "Reliquidated"

was stamped on the entry and the date, December 21, 1953, written in. A clerk typed a bulletin notice of liquidation in quadruplicate. The original was placed in a file holding the sheets to be placed in the bound volume. One copy was wrapped around the entry, and the entry and another copy were given to Dave Goldwater, supervisor of the Increase and Refunds Section. The fourth copy went to the Liquidation Division. Goldwater was not called as a witness, but Goodey testified that Goldwater gave him the entry with the bulletin notice wrapped around it on the afternoon of December 21. He made up the bill in triplicate and placed the entry with the bulletin notice of liquidation wrapped around it on the examining table in the public room, where it remained for the balance of the day. At the close of business, it was placed in a wire basket on the counter and the copy of the bulletin notice was destroyed.

According to the witnesses Elmiger, Singer, and Goodey, no complaint was made that the bulletin notice of the reliquidation of this entry was missing from the public room or the folder until January 5, 1954. On or about that date, Mr. Davidson (a member of the firm of attorneys representing plaintiff) advised Deputy Collector Elmiger that the copy of the notice was not in the looseleaf folder, plaintiff's collective exhibit 1. Elmiger checked the folder and found the notice was not there. He then sent for the bound volume of originals and found that it was in its proper place at the end of the daily bulletins, dated December 21, 1953. The bound volume has been received in evidence as defendant's collective exhibit F, and the notice in connection with this entry is contained therein.

When it appeared that the notice was not in the looseleaf folder, Mr. Davidson requested Mr. Elmiger to renotice the reliquidation, but the latter refused, because he realized the balance of the 60-day period within which the entry could be reliquidated had expired. He asked Mr. Davidson why the matter had not been reported to him earlier and received the reply that Mr. Davidson had been out of town.

According to section 505 of the Tariff Act of 1930, the collector is required to give notice of liquidation in the form and manner prescribed by the Secretary of the Treasury. The regulations in effect at the time of this entry provided that liquidated entries be immediately scheduled on a bulletin notice of liquidation; that such notice be posted as soon as possible in a conspicuous place in the customhouse or lodged in some suitable place there in such manner that it could be readily located and consulted by interested parties.

The provisions of section 505, *supra*, are mandatory and give no discretion to collectors either as to the form or manner of notice, and the regulations requiring posting or lodging in a conspicuous place have the force and effect of law. *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147; *United*

*States* v. *B. Holman, Inc.*, 29 C. C. P. A. (Customs) 3, C. A. D. 164; *Standard Oil Co. of Louisiana* v. *United States*, 33 C. C. P. A. (Customs) 152, C. A. D. 329.

Strict compliance with the regulations has been required by the courts. For example, where the regulations provided that a notice be posted, placing it in a folder on a counter or table was held insufficient. *Standard Oil Co. of Louisiana* v. *United States, supra*; *Alex. D. Shaw* v. *United States*, 47 Treas. Dec. 969, Abstract 48900; *Mary G. Hutchinson* v. *United States*, 18 Cust. Ct. 64, C. D. 1046. Notices have been found inadequate where the importer's name was not correctly given (*United States* v. *Astra Bentwood Furniture Co., supra*; *M. Dublin* v. *United States*, 2 Cust. Ct. 14, C. D. 77); where the entry should have been listed on the "No change" sheet rather than the "Free" sheet (*M. S. & J. A. Workman, Inc.* v. *United States*, 4 Cust. Ct. 295, C. D. 346); and where the entry was listed as liquidated "as entered," whereas there was an increase (*M. M. Du Pouey* v. *United States*, 9 Cust. Ct. 86, C. D. 667).

In *Standard Oil Co. of Louisiana* v. *United States, supra*, a notice of liquidation which had been inserted between a top sheet and other notices of liquidation was held insufficient on the following grounds (p. 160):

There was no notation of any kind on the superimposed top sheet to indicate that it was but one of a series of sheets containing an extended list of additional liquidations. In fact, the top sheet in accordance with the administrative practice of the customs office over a period of years was signed at the bottom with the signature of the collector which had theretofore been placed only at the end of the bulletin notices of liquidation to indicate that the entries listed thereinabove were all that had been liquidated on that particular day by the customs officials.

Furthermore, no reference was made to the superimposed top sheet on either of the two additional sheets, marked 1 and 2, which contained the notice of liquidation of the 24 entries. In other words, the involved bulletin notice of liquidation was not posted in a conspicuous place in the customhouse for the information of importers but was posted there in a manner which was not only obscure but also misleading.

In the instant case, it was the administrative practice for notices of liquidation to be placed in folders marked with the date of liquidation and for such folders to be placed at first on the counter or table in a room in the customhouse and thereafter in a cabinet in that room. This practice was not followed in connection with the entry in question. There is no evidence that a copy of the notice of reliquidation was ever placed in the folder, dated December 21, 1953 (plaintiff's collective exhibit 1), nor that it was inserted in any other folder, dated December 21, 1953, nor that it was exhibited separately.

The original of the notice of liquidation cannot be considered the notice required by the regulations, since it was not available to the public until the bound volume was made up at the end of the month.

Nor is the copy that was wrapped around the entry a notice in compliance with the regulations, since it was not in a conspicuous or accustomed place and was available for inspection only for a few hours on the day of reliquidation, after which it was destroyed.

Furthermore, notice of increased duties due, payment of such duties, and actual notice of liquidation do not constitute compliance with the statute and the regulations issued thereunder. *United States* v. *Astra Bentwood Furniture Co., supra.* In that case, the court said (pp. 211–213):

> The "Notice of Duties Due," as its title indicates, served merely to inform the importer of increased duties due the United States. It was not intended to be, nor was it in fact, an attempted compliance with the mandatory provisions of section 505, *supra*, requiring that notice of the collector's liquidation be given in the form and manner prescribed by the Secretary of the Treasury. So, although in the instant case the importer, upon receipt of the "Notice of Duties Due," might have surmised (it was not notified) that the involved entry had been liquidated; therefore, the mere payment of the duties, in effect demanded by the collector in such notice, is not sufficient to warrant a holding that the importer had actual notice of the liquidation of the involved entry.
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*
>
> In the *Stein, Hall & Co.* case, *supra* [*Stein, Hall & Co.* v. *United States*, 11 Ct. Cust. Appls. 137, T. D. 38937], the court evidently considered that, under the law then in force, actual notice in some form or other to an importer of the liquidation of an entry was sufficient; that (although there is nothing in the court's decision to indicate that a proper notice was not posted of the liquidation of the entry there involved) the provision of article 615, *supra*, requiring the posting in the customhouse of notice of the liquidation of an entry was not mandatory but directory only; and that the statute of limitations then in force commenced to run upon actual notice of the liquidation of an entry.
>
> It may be stated at this point that the Tariff Act of 1913 contained no statutory provision, as does the Tariff Act of 1930 (section 505, *supra*), requiring notice to importers of the liquidation of entries. For that reason, if for no other, the decision in the *Stein, Hall & Co.* case, *supra*, is not controlling of the issues here presented.

In *Mary G. Hutchinson* v. *United States, supra,* the court was not impressed by the argument that the plaintiff might have had or could have had actual notice of liquidation and pointed out that the sole question was whether the notice had been given by the collector in the form and manner prescribed by the Secretary of the Treasury.

In our view, the notice of reliquidation herein was not given in the form and manner prescribed by the regulations. Accordingly, the collector's action does not constitute a complete legal reliquidation.

In some cases where the notice of liquidation has been held insufficient, the court has noted that it is the duty of the collector to complete the liquidation by posting a proper notice. Here, however, the collector could have reliquidated only during the 18-day period subsequent to the date the decision on protest became final. Not having done so, the original liquidation has become final and con-

clusive, and the Government is without a remedy. *United States* v. *Parkhurst & Co. et al.*, 12 Ct. Cust. Appls. 370, T. D. 40522.

To the extent that the protest claims that the reliquidation is invalid and void on the ground of the failure to lodge a notice in the customhouse, it is sustained. Judgment will be rendered for the plaintiff, directing the collector to refund all monies taken pursuant to said attempted reliquidation.