(C. D. 1174)

ABRAHAM & STRAUS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 19, 1949)

*Siegel, Mandell & Davidson (Sidney Mandell* and *Joshua M. Davidson* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General *(Dorothy C. Bennett,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: In this case the plaintiff is protesting the refusal of the collector to cancel a liquidation of an entry of linen handker-

chiefs from Ireland. It is claimed that the appraisement upon which said liquidation is based was invalid. The protest was filed more than 60 days subsequent to liquidation. The case has been submitted upon the record consisting of all the official papers, including the collector's letter, transmitted to the court from the collector's office. The Government has moved to dismiss the case on the ground that the protest is untimely under section 514 of the Tariff Act of 1930.

The facts as they appear from the record are as follows: Liquidation of the entry took place on March 5, 1946, on the basis of the invoiced and entered value, which was the value found by the appraiser. On March 3, 1947, practically a year later, the importer, the plaintiff herein, requested the collector to cancel the liquidation on the ground that the appraisement was invalid. This request was refused by the collector as being untimely. Against that refusal the instant protest was filed on March 17, 1947, claiming the liquidation should be cancelled and that the entry should be reposted on the ground that the invoice was not duly appraised as provided by law.

At the trial it was contended on behalf of the plaintiff that the 60-day statutory period within which protest may be filed should be computed from the date on which the collector refused to cancel the liquidation and repost notice, rather than from the date of liquidation. Therefore, plaintiff contends the protest is timely.

The evidence is lacking in proof that the notice of liquidation of March 5, 1946, was improperly posted, nor do we find any claim to that effect made by the plaintiff.

Counsel for the plaintiff in the brief filed contends that the protest is not directed against the liquidation but against the decision of the collector in refusing to cancel said liquidation as being void and to make a new liquidation and repost same pursuant to section 505 of the Tariff Act of 1930.

We quote the relevant sections of the statute as follows:

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section [relating to so-called duress entries], the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

\*     \*     \*     \*     \*     \*     \*

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry

for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Entry herein was made on September 27, 1945, and covered one case containing linen handkerchiefs from Ireland. Although the case was listed on the manifest of the importing vessel, which arrived in the United States on September 21, 1945, the record shows that the discharging inspector reported it as not landed nor found. The collector designated the case for examination but it did not arrive at the appraiser's stores. Accordingly, the importer was notified under date of December 20, 1945, of the shortage in accordance with the provisions of section 15.8 of the Customs Regulations of 1943. The importer failed to file the affidavit of shortage as required by said section 15.8.

The collector returned the invoice to the appraiser with the request that he advisorily classify the merchandise from the invoice description, and express an opinion as to whether the entered value fully covered the dutiable value. In reply to this request the appraiser reported the advisory classification and stated that full dutiable value would be covered by the entered amount.

Inasmuch as the shortage affidavit was not executed and returned, the collector liquidated the entry on March 5, 1946.

Plaintiff claims that the appraisement is devoid of any suitable report by the appraising officer; that there is no notation of appraisement, classification, quantities, date of release, date of examination, or signature of any official. However, it was not until March 3, 1947, that plaintiff took any action to correct what is claimed to be an illegal liquidation, said claim being based on the ground that the invoice covered thereby was never duly appraised. As above stated, the collector refused to cancel the liquidation in the absence of a timely protest.

It is contended in the brief filed on behalf of the plaintiff that the various sections of the statute relating to entry, appraisal, and assessment of duty have reference to imported merchandise; that in the instant case there is no imported merchandise; and that plaintiff's protest is directed against the collector's decision "not to vitiate an illegal act of liquidation based on an illegal act of so-called appraise-

ment." Plaintiff cites cases in which this court and the Court of Customs and Patent Appeals have held that a liquidation in order to be legal must be based on a valid appraisement. However, it has been held on numerous occasions that section 514 of the Tariff Act of 1930, providing the right of protest, precludes the filing of an untimely protest even for the purpose of attacking the validity of the collector's liquidation. The liquidation is one of the "decisions of the collector * * * as to the * * * amount of duties chargeable" made subject to protest in said section 514. By the express terms of that section all such decisions of the collector "including the legality of all orders and findings entering into the same" are made "final and conclusive upon all persons" unless protest in writing is filed within 60 days thereafter. Plaintiff's protest refers specifically to the legality of the appraiser's finding of value, which is one of the official "findings entering into the" collector's decision as to the amount of duties chargeable, as represented by the liquidation. Therefore, the legality of the liquidation cannot be attacked by protest after the 60-day statutory period has expired. See the cases of *Scherk Importing Co.* v. *United States*, 17 C. C. P. A. (Customs) 135, T. D. 43470; *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, T. D. 46832; and *Menke, Kaufmann & Co. (Inc.)* v. *United States*, 58 Treas. Dec. 749, T. D. 44420, in all of which it was held that protest against the validity of such decisions must be timely.

In the *Gallagher & Ascher* case, *supra*, protest was filed approximately 6 months subsequent to liquidation, attacking the validity of the liquidation on the ground that it was based on an illegal appraisement, no notice of appraisement having been delivered or mailed to the importer or his representative. Upon the collector's refusal to comply with importer's request to issue notice of appraisement in accordance with the provisions of the statute (section 501, Tariff Act of 1922), a second protest was filed attacking said refusal and also the liquidation as being invalid. It was held by the appellate court, affirming the decision of this court, that inasmuch as the liquidation had become final and conclusive upon all persons, the protest was untimely, and that such untimely protest could not operate to revive the statutory right to protest the liquidation. The court, in arriving at this conclusion, speaking through Garrett, J., stated:

Section 514 of the Tariff Act of 1922, *supra*, fixes a time limit of 60 days within which even the legality of a liquidation by the collector must be protested, and provides that, if not protested within such time, such liquidation "shall be final and conclusive upon all persons."

It appears, therefore, that even at the time of appellant's letter of July 7, 1928, *supra*, the time for protesting legality of the liquidation had long elapsed, and it would be anomalous to hold that by protesting the collector's refusal to comply with the request made in the letter, the right to protest the liquidation itself was revived.

In *United States* v. *Mexican Petroleum Corp.*, 28 C. C. P. A. (Customs) 90, C. A. D. 130, it was likewise claimed that the collector's refusal to reliquidate an entry, in response to an untimely protest, was a decision of the collector against which protest would lie. In overruling plaintiff's claim, the court took occasion to comment that under section 515 of the tariff act the collector's answer to a protest becomes again protestable only when that officer modifies his original decision. We quote from the language as follows:

> With respect to the amended protest of May 20, 1938, it is to be noted that section, 515, *supra*, provides only for the filing of a protest within 60 days when the collector modifies his original decision "in whole or in part" within 90 days of the filing of the original protest. The collector made no modification of his original liquidations and it is obvious that a protest against his affirming his original decision does not lie.

The above language is equally applicable in the instant case. The collector in his letter of March 6, 1947, in which he refused to entertain the protest of March 3, 1947, did not alter or modify his liquidation of March 5, 1946, "in whole or in part." Therefore, there was no new decision against which protest would lie under sections 514 and 515 of the tariff act.

Plaintiff cites cases in support of the contention that a valid liquidation must be based on a valid appraisement and that in the event of an improper appraisement the liquidation must be cancelled. The case cited at the trial, *United States* v. *B. Holman, Inc.*, 29 C. C. P. A. (Customs) 3, C. A. D. 164, in support of the contention that this court should order the liquidation in this case to be set aside and the entry reposted, involved a number of issues. It is sufficient to point out that there had never been any posting in the customhouse as to the entries concerning which the importer made a written demand for reliquidation and reposting. The protest there involved was filed against the collector's refusal to reliquidate or repost those entries. In the instant case, the record is lacking in proof that the liquidation of March 5, 1946, was improperly posted, nor do we find any claim of insufficient notice of the liquidation in the pleadings. An examination of the official papers discloses that liquidation was had on the basis of the importer's entered value, which had not been advanced by the appraiser. It is therefore clear that nothing would be accomplished by an order of this court that the collector should repost the entry, except to circumvent the statute of limitations by reviving a right of protest which had long since lapsed under section 514, *supra*. Under the ruling in the *Gallagher & Ascher* case, *supra*, this cannot properly be done.

We hold, for the reasons above set forth that the protest is untimely and it is therefore dismissed.

Judgment will be rendered accordingly.