(Reap. Dec. 8179)

PACIFIC TRADING CO., INC., ET AL. *v.* UNITED STATES

Entry No. 3380, etc.

(Decided December 2, 1952)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated as follows between counsel for plaintiffs and the Assistant Attorney General for the United States, concerning the merchandise referred to herein:

1) That this stipulation is limited to so much of said merchandise as is described in the invoices as clams in 5-ounce cans or tins or clams in 8-ounce cans or tins, such items being marked "A" and initialed CEC by Examiner C E Clouse, and said articles being appraised on the basis of the American selling price in accordance with the Presidential proclamation published in TD 47031.

2) That such merchandise is the same in all material respects as the imported clams involved in Mutual Supply Co. v. US, RD 5815, US v. Mutual Supply Co., RD 5950, Alexander & Baldwin v. US, RD 6044, and Universal Foreign Service Co. v. US, RD 6046; and that the issues herein are the same in all material respects as the issues involved in said decisions.

3) That upon the dates of exportation to the United States of the merchandise covered by these appeals, like or similar merchandise manufactured or produced in the United States was being freely offered for sale and sold to all purchasers in the principal market of the United States in the ordinary course of trade and in the usual wholesale quantities, including all containers and coverings and all costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at the following prices per dozen cans or tins, less a cash discount of 1½ percent:

| 5-ounce size | Per dozen |
|---|---|
| January 1, 1934, to May 31, 1935 | $1. 00 |
| June 1, 1935, to November 30, 1936 | . 90 |
| December 1, 1936, to April 30, 1937 | . 95 |
| May 1, 1937, to March 15, 1941 | 1. 00 |

| 8-ounce size | |
|---|---|
| March 1, 1937, to December 31, 1940 | $1. 65 |

4) That the records in said decided cases may be incorporated herein and that upon this stipulation these appeals may be deemed submitted, they being limited to the items marked "A" on the invoices and abandoned as to all other merchandise.

On the agreed facts, I find the American selling price, as that value is defined in section 402 (g) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise described on the invoices as clams in 5-ounce cans or tins or clams in 8-ounce cans or tins, marked "A" and initialed CEC by examiner C. E. Clouse, and that such values, for merchandise exported during the specified periods, are as follows:

| 5-ounce size | Per dozen | |
|---|---|---|
| January 1, 1934, to May 31, 1935 | $1. 00 | |
| June 1, 1935, to November 30, 1936 | 0. 90 | |
| December 1, 1936, to April 30, 1937 | 0. 95 | less 1½ per centum cash |
| May 1, 1937, to March 15, 1941 | 1. 00 | discount |
| 8-ounce size | | |
| March 1, 1937, to December 31, 1940 | $1. 65 | |

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.