No. 59833.—Nozaki Bros., Inc., and Frank P. Dow Co., Inc., et al. *v.* United States, protests 230945–K, etc. (Los Angeles).—

EKWALL, Judge: These cases, which have been consolidated, claim that the merchandise covered by the entries should have been assessed on the basis of the reappraised value, that the collector's failure to so assess was due to clerical error, and that his refusal to reliquidate on that ground was improper. They are before this court on a motion of Government counsel to dismiss for untimeliness.

The facts as they appear of record are as follows: The involved merchandise, which consisted of Japanese canned clams, was the subject of appeals for reappraisement. The court, in reappraisement, issued a judgment favorable to the importers, plaintiffs herein, the values found by the court being lower than the appraised values (*Pacific Trading Co., Inc., et al.* v. *United States*, 29 Cust. Ct. 501, Reap. Dec. 8179). All of the merchandise was duly entered under so-called duress certificates under authority of section 503 of the Tariff Act of 1930, in effect at the time of entry. Under authority of that section, duty was properly assessable upon the value found by the court sitting in reappraisement, rather than on the importers' entered value.

Through error, the entries were not liquidated upon the final appraised value. These liquidations took place between the dates of May 14 and July 15, 1953. Protests against the liquidations were not filed within the statutory 60-day period thereafter. (Section 514, Tariff Act of 1930.)[1] After the expiration of the 60-day period, the importers, plaintiffs herein, requested that the entries be reliquidated on the ground of clerical error, under authority of section 520 of the same act, as amended.[2] The collector, apparently acting under instructions of the Customs Bureau, denied said request upon the ground that no timely protests had been filed. The instant protests were filed against such refusal.

In the case of *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, T. D. 46832, the court, in considering the terms of section 514 of the Tariff Act of 1922, the predecessor of section 514, here involved, stated:

---

[1] 514. * * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, * * * or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation: or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons * * * unless the importer, consignee, or agent * * * file a protest in writing with the collector * * *.

[2] 520. (a) The Secretary of the Treasury is hereby authorized to refund duties or other receipts in the following cases:

* * * * * * *

(c) (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction; * * *.

Section 514 of the Tariff Act of 1922, *supra*, fixes a time limit of 60 days within which even the legality of a liquidation by the collector must be protested, and provides that, if not protested within such time, such liquidation "shall be final and conclusive upon all persons."

It appears, therefore, that even at the time of appellant's letter of July 7, 1928, *supra*, the time for protesting legality of the liquidation had long elapsed, and it would be anomalous to hold that by protesting the collector's refusal to comply with the request made in the letter, the right to protest the liquidation itself was revived.

So here, if we construe the protests as directed against the legality of the liquidations, they are untimely.

This court considered the timeliness of a protest against an alleged invalid liquidation in *Abraham & Straus, Inc.* v. *United States*, 22 Cust. Ct. 153, C. D. 1174, and held as follows:

* * * However, it has been held on numerous occasions that section 514 of the Tariff Act of 1930, providing the right of protest, precludes the filing of an untimely protest even for the purpose of attacking the validity of the collector's liquidation. The liquidation is one of the "decisions of the collector * * * as to the * * * amount of duties chargeable" made subject to protest in said section 514.

In the absence of proof that the liquidations were improperly posted or of insufficient notice of the liquidations, the assumption is that the regulations were complied with in that respect.

In the brief filed on behalf of plaintiffs, it is claimed that the liquidations are void, under the holding in the case of *Aris Gloves, Inc.* v. *United States*, 20 Cust. Ct. 102, C. D. 1091. The court, in that case, stated:

* * * Here the collector, given directions to reliquidate the entries at specific rates of duty in exact monetary terms, as counsel for the defendant concedes, did not follow the directions contained in the judgment, but, on the contrary, proceeded to reliquidate at an entirely different rate not found in the judgment at all. His action in so doing was illegal and the reliquidation was void to that extent. * * *

Even though the reliquidations in the instant cases were considered void, plaintiffs' remedy would be by timely protests. In the absence of such protests, the liquidations are final and binding thereafter. *McKesson Wholesale Drug Co.* v. *United States*, 65 Treas. Dec. 478, T. D. 46955; *Wood & Selick, Inc.* v. *United States*, 24 C. C. P. A. (Customs) 355, T. D. 48804.

It is plaintiffs' position that the protests are timely under the terms of section 520, *supra*. We quote from plaintiffs' brief as follows:

This section does not limit the time for reliquidation to 60 days after liquidation, as does section 514. Instead it allows this action to be taken "within one year after the date of entry, appraisement, or transaction" wherein the clerical error was committed. Here, according to the Los Angeles deputy collector, the error was committed (R. 6) when a customs clerk marked on the entries that the reappraisement appeals had been dismissed. The importers' request for rectification of this error was timely, despite being submitted more than 60 days after liquidation, and the request was therefore improperly disallowed and the protests should be sustained.

The court is unable to find from the evidence that a clerical error has been proven. However, it is plain that a mistake of fact adverse to the importers has been established by the official documents, in that the entries were marked to indicate that the reappraisement appeals had been dismissed, whereas the values, as entered, had been sustained by the court. We, therefore, must determine whether the protests are timely under the provisions of section 520, *supra*. The error was not brought to the attention of the customs service within 1 year

after the dates of entries or appraisements. However, the action of the customs clerk may very well be considered a "customs transaction," within the meaning of the statute. Therefore, if it was brought to the attention of the customs service within 1 year after such "transaction," the present protests are timely. Neither from the official papers nor the oral evidence is this fact shown, so far as the court can determine. In order that the ends of justice may be served and that the intent of the lawmakers in enacting section 520, *supra*, may be carried out, we restore the cases to the docket in order that this evidence may be supplied.