(C.D. 2587)

UNITED ASIA TRADING CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 17, 1965)

*Schwartz & Lidstrom* (*Earl R. Lidstrom, Joseph Schwartz,* and *Barnes, Richardson & Colburn* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

Before OLIVER, WILSON. and NICHOLS, Judges; NICHOLS, J., concurring

WILSON, Judge: This is a protest against the action of the collector at the port of Chicago in reliquidating 12 entries covered by the judgment in *J. E. Bernard & Co., Inc., et al.* v. *United States,* 50 Cust. Ct. 263, Abstract 67592, at the rate of 50 per centum ad valorem. Plaintiff contends that such reliquidation is not in accordance with the judgment of this court, from which it appears that the court directed reliquidation of the involved merchandise at the rate of 30 per centum ad valorem.

The protest was submitted on the following stipulation, entered into between the respective parties:

That on April 11, 1963, the United States Customs Court rendered its judgment in J. E. Bernard & Co., Inc., et al. vs United States, Abstract 67592, which involved a large number of protests and entries, including those entries now under protest; that the judgment ordered, "* * * that the claim in these protests that the merchandise marked with the letter 'A' and initialed WS by examiner William Stolpe on the invoices accompanying the entries covered by the protest enumerated in schedule 'A,' attached hereto and made a part hereof, is properly dutiable under paragraph 218(f) of the Tariff Act of 1930, as modified by the Japanese Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T.D. 53865, supplemented by T.D. 53877, at the rate of 30 per centum ad valorem, as articles, not specially provided for, in chief value of colored glass and valued not over $1.66⅔ each, is sustained. In all other respects and as to all other merchandise all the claims are overruled. The

collector of customs at the port of Chicago will reliquidate the entries accordingly."

That no appeal or other action to change the judgment has been taken by either of the parties since the judgment was rendered and the judgment became final on June 10, 1963;

That on each entry involved there is merchandise which was marked with a capital "A" and initialed WS;

That when such entries were reliquidated on December 9, 1963, certain of the items were reliquidated under the provisions of paragraph 218(f) at the rate of duty applicable depending upon the date of entry.

In the case at bar, the Government concedes that the reliquidations of the involved entries were improper in that they were "not in accordance with the judgment of this Court in *J. E. Bernard & Co., Inc., et al.* v. *United States*, 50 Cust. Ct. 263, Abst. 67592. See *Aris Gloves, Inc.* v. *United States*, 20 Cust. Ct. 102, C.D. 1091." The Government "suggests" that the protest 64/10948 herein be dismissed as having been "prematurely" filed and, in this connection, directs attention to the holding of the court in the case of *Nozaki Bros, Inc., and Frank P. Dow Co., Inc., et al.* v. *United States*, 41 Cust. Ct. 245, C.D. 2048.

In the *Nozaki Bros.* case, *supra*, the action arose as a result of the failure of the collector at the port of Los Angeles to use as a basis for the assessment of duties in liquidation the dutiable value of the merchandise as found by this court in reappraisement proceedings. These values were incorporated in a decision and judgment, dated December 2, 1952, entitled *Pacific Trading Co., Inc., et al.* v. *United States*, 29 Cust. Ct. 501, Reap. Dec. 8179. It was established, in the *Nozaki Bros.* case, *supra*, that after the decision and judgment in the aforementioned reappraisement proceedings had been transmitted to the collector, a clerk in the customs service, whose duty it was to note the judgment of the court on the records of the collector, erroneously stamped the involved entries and the invoice summary sheets to indicate that the reappraisement appeals had been dismissed. The collector later proceeded to liquidate the entries, using as the dutiable value of the merchandise the value as found by the appraiser. The liquidations took place between the dates of May 14 and July 15, 1953.

In passing upon the liquidations there under consideration, the court, in the *Nozaki Bros.* case, *supra*, at pages 249–250, stated:

* * * This court has been confronted with situations, however, in which the collector has failed to *reliquidate* entries in conformity with a valid judgment rendered in a protest proceeding. See *Aris Gloves, Inc.* v. *United States*, 20 Cust. Ct. 102, C.D. 1091; *Herrmann* v. *United States*, 6 Treas. Dec. 447, T.D. 24459. In the cited cases, the court held that the action of the collector in reliquidating the entries involved in a manner that did not accord with the mandate of the court was null and void. * * * [Italics quoted.]

and, at page 251:

When we say that the liquidations herein are void, we use the term in its literal and absolute sense, meaning that an act so characterized is an absolute nullity, wholly lacking in legal efficacy, unable in law to support the purpose intended, incapable of ratification, confirmation, or enforcement in any manner or to any degree. See Black's Law Dictionary, 4th edition, 1745; 92 C.J.S. 1024 and cases cited. The term "void" as we here apply it to these liquidations connotes an "utter negativeness which is the equivalent of nonexistence." Void things are in legal effect no things. *Frazier* v. *Jeakins*, 68 P. 24, 28, 64 Kan. 615, 57 L.R.A. 575; *People* v. *Shall*, 9 Cow. (N.Y.) 778, 784; *Lowery* v. *Garfield County*, 208 P. 2d 478, 485, 122 Mont. 571.

The court therein further stated, page 252, as follows:

* * * Since there have been no legal liquidations of the entries herein, the protests are untimely because prematurely filed, and must be dismissed. Under the circumstances, it is the duty of the collector to liquidate the entries on the basis of the dutiable values as found by this court in *Pacific Trading Co., Inc.,* *supra.*

So, too, in the case at bar, we are of the opinion that the reliquidations under consideration were null and void. Since there have been no legal reliquidations of the merchandise involved herein, the protest is untimely because prematurely filed, and must be dismissed. Under the circumstances, it is the duty of the collector to reliquidate the involved entries in accordance with the judgment of this court in the case of *J. E. Bernard & Co., Inc., et al.* v. *United States*, 50 Cust. Ct. 263, Abstract 67592, at the rate of 30 per centum ad valorem as specified in said judgment, and to refund the additional duties assessed.

Judgment will be rendered accordingly.

CONCURRING OPINION

Nichols, Judge: I concur in the result.