(C. D. 951)

JOSEPH E. SEAGRAM & SONS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 3, 1945)

*White & Case* (*Thomas Kiernan* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Arthur R. Martoccia* and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges; EKWALL, J., not participating

KEEFE, Judge: The plaintiff here seeks to recover duties alleged to have been exacted unlawfully by the collector of customs at Indianapolis, Ind., upon various shipments of whisky imported from Canada

to the subport of Lawrenceburg, Ind. Some of the protests also contain claims that various clerical errors were made by the collector in his liquidations.

At the trial it was agreed between counsel that the question as to the proper gauging of the whisky is the same as that involved in the case of *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C. C. P. A. 150, C. A. D. 227, wherein our appellate court found that the gauger failed to follow the customs regulations and held such gauging to be void. The court there further held that the proper quantity of whisky upon which duty should be levied "must be that quantity contained in the invoices." The record in the *Seagram* case, *supra*, was admitted in evidence as part of the record in the case at bar.

The Government moved to dismiss protests 49316–K, 50866–K, 50867–K, 50868–K, 50869–K, 50870–K, 50871–K, 52428–K, 56746–K, 66004–K, and 66898–K as untimely. Considerable evidence was adduced upon this question. Thereafter Government counsel conceded that protests 50868–K, 50869–K, 50870–K, 50871–K, 56746–K, and 66898–K were filed within the period allowed by law.

Considering first the question of timeliness, we find from the evidence and the record that protest 49316–K, dated November 23, was received in the collector's office on November 25, 1940. The entry was liquidated on September 25, 1940. November 23 was the 59th day. The 60th day was Sunday, and the date of receipt, the Monday following, was the 61st day. The protest is therefore untimely and should be dismissed. The same situation is involved in protest 66004–K. The entry there was liquidated on April 9, 1941. The protest was dated June 7. June 8 was the 60th day. However, that was Sunday and the protest was not received by the collector until June 9, the 61st day after liquidation, and therefore should be dismissed. See *Psaki Bros.* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122.

The Government concedes that protests 50866–K and 50867–K were filed in time. However, it is pointed out that these protests were acted upon by the collector and that the entries covered thereby were both reliquidated on November 25, 1940, within 90 days from the filing of the protests, as prescribed in section 515. As a consequence of such reliquidations, it is contended that the protests against the original liquidations were disposed of and new protests should have been filed with the collector "within the same time and in the same manner and under the same conditions as against the original liquidation."

The protests were filed against the collector's action in liquidating entry 368–L (protest 50866–K) and entry 377–L (protest 50867–K) for the following reasons: (1) because of variations in excess of one

gallon caused by the technical rules of gauging; (2) because of the assessment of duty being based upon the capacity less 2½ per centum of normal outage where the gauger's net return exceeded the invoiced quantity by more than one gallon; and (3) because of the method of determining the dutiable gallons imported and the number of gallons assessed for both duty and internal revenue tax, there being no accurate gauge or measure, as the gauger failed to comply with the regulations. In protest 50866–K, an additional reason was included as follows: "clerical errors." There is no claim for clerical error in protest 50867–K, collector's protest No. 383.

The collector conceded the importer's claim as to the clerical errors and reliquidated entry 368–L, protest 50866–K, correcting the errors. As to entry 377–L, protest 50867–K, collector's No. 383, wherein no claim for clerical error was made, we find with the entry papers a letter written to the collector previous to the filing of such protest, claiming that the collector had made "several clerical errors   *   *   * in computing the Internal Revenue Tax." This letter was received on October 31, 1940, and was treated by the collector as a protest, as he assigned thereto a collector's protest No. 380. At the top of this protest the following notation written in black ink appears: "Protest approved Nov. 2, 1940.   R. E. Compton, Asst. Coll." and also a rubber-stamp notation indicating that such decision of the collector was approved by the acting assistant comptroller on November 13, 1940.

Protest 52428–K contains the three claims concerning the proper gauging of the merchandise and also a fourth claim that a clerical error had been made in computing the internal revenue tax. This protest was filed with the collector on November 25, 1940. The entry was liquidated September 25, 1940. Therefore, the protest was filed 61 days after liquidation and was not timely. Notwithstanding the untimeliness of the protest, the collector reliquidated the entry correcting his errors in computation and notified the importer of such reliquidation. The entry was reliquidated on December 17, 1940, and on December 23, 1940, the importer wrote the collector noting the reliquidation and requesting that the protest be amended by eliminating the claim for clerical error and that the collector should "consider the balance of the figures submitted as a protest against the present notice."

Replying to the Government's contention that the protest is untimely, or had been satisfied by the reliquidation, the importer contends that in its protest of December 23, 1940, which is timely filed after the reliquidation of December 17, 1940, it has reiterated its claims made in the protest of November 25, and takes the position that notwithstanding the timeliness of its original protest, in view of

the protest of December 23, 1940, against the reliquidation of entry 366–L on December 17, 1940, its protest against the ultimate liquidation of this entry was filed in time and should be sustained.

Section 514 of the Tariff Act of 1930 provides in part as follows:

* * * all decisions of the collector * * * as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, * * * or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. *The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.* [Italics not quoted.]

Section 515 of said act provides in part as follows:

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess * * *. If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. * * *

In the case of *Benziger Brothers*, G. A. 6224, T. D. 26898, the question presented was whether the collector's reliquidation of the entries while protests against the original liquidations were still retained by him rendered the protests ineffective. In holding that the protests were still in force and effect, the court stated:

It has been frequently decided, in cases where no protest was filed against the original liquidation of an entry, that a voluntary reliquidation by a collector, which results in changing either the rate or amount of duty, will be considered an abandonment of his previous liquidation and give a new right of protest. * * * *We know of no case, however, which goes so far as to hold that a collector, by reliquidating an entry, can defeat a protest filed against his original liquidation and make it necessary for the importer to file a new protest to preserve his rights.* [Italics not quoted.]

An alternative view, and one in our opinion more in accord with reason and justice, is to regard the collector's power to make a reliquidation which will

amount to a new decision respecting any merchandise covered by a protest as suspended while the protest is pending, except in so far as the collector may exercise that power to comply with the demands of the protest, which we think he may do. One recognized purpose of a protest is to advise the collector of an error in his action and enable him to correct it if he deems proper. * * * If he does not see fit to accede to the importer's claims, then it is his duty to forward the protest to the Board, and, we believe, to refrain from further action in the matter until the question at issue is decided. * * *

\* \* \* \* \* \* \*

* * * we are of opinion that the case may be said to have been pending from the time the protests, which were the initial steps in the appeal from the collector's action, were filed. It seems a sound conclusion that the right of the importers to have the decision complained of reviewed by the Board and the courts accrues at that time, and the collector is without power to divest the importers of this right by reliquidating the entry at a different rate of duty from either that originally assessed or that contended for by the protestants.

\* \* \* \* \* \* \*

* * * As stated above, we are of opinion that the collector may not reliquidate while the protest is pending except in accordance therewith. It is clear that the pendency of a protest at the expiration of one year from the time of entry removes the limitation so that the entry may be reliquidated after that time in accordance with the decision of the higher tribunal upon the questions raised by the protest. * * *

In the *Howard & Smith* case, G. A. 8349, T. D. 38438, a protest was filed claiming that the collector should have allowed 5 per centum discount on the duties on account of the so-called favored-nation clause. The protest did not challenge the correctness of the collector's classification or raise any other issue. While the protest was pending, the collector reliquidated the entry correcting the original liquidation and changing the amount of duty upon one of the items covered by the entry, but in no way affecting the 5 per centum discount question raised by the protest. The protest was not acceded to by the collector. In the meantime, the importer filed a protest against the reliquidation claiming that it was incorrect because of a clerical error and also that it was void because it had been made during the pendency of a protest. In sustaining the importer's claims the court stated:

* * * In the case at bar the original protest was filed against the entire entry; it was not against any particular items on the entry, but the collector's action with reference to every item was challenged, the protestant contending that on each and every item there should have been a reduction of 5 per cent of the duties, by reason of the ship in which the merchandise was imported. Pending this protest the collector had no right or authority to reliquidate the entry except in accordance with the demands of the protest; he had a very simple duty to perform, that of either reliquidating the entry in accordance with the demands of the protest, or of forwarding the protest to the Board of United States General Appraisers upon the payment of the fee required by law.

In *Woolworth* v. *United States*, 26 C. C. P. A. 157, C. A. D. 10, our appellate court stated:

We think that one of the things Congress had in mind when it added the new language in section 514 above quoted was exactly this kind of situation. One of the intended purposes of the legislation was to enable the customs authorities to correct error and leave these corrections subject to protest but not to open up for protest, after the sixty days from the original liquidation had expired, questions which could have been protested within sixty days from the prior liquidation.

In this view we are supported by the following statement found in the report of the Committee on Ways and Means of the House of Representatives when the bill which became the Tariff Act of 1930 was submitted to the House:

Under the existing law, it has been held that a reliquidation opens up the whole entry to protest. It is thus possible for an importer having an entry with a large number of items to protest one item at a time and thereby keep the entire entry from final liquidation indefinitely. Your committee proposes the imposition of a limitation that reliquidation of an entry will not open the entry to protest upon any question not involved in the reliquidation.

In view of the authorities cited, we are of the opinion that if an importer files a timely protest against the action of the collector as to the rate or amount of duty and also claims that certain errors were made in calculation of the amount of internal revenue tax, that by reliquidating the entry correcting the clerical errors in calculating the internal revenue tax, without acceding to the protest as to the rate or amount of duty, the collector may not in such manner defeat the protest as to such claims, so as to make it necessary for an importer to file a new protest in order to preserve his rights as to the excessive amounts of duty claimed to have been illegally assessed. Section 514, *supra*, specifically provides that a reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation. The collector's reliquidation correcting clerical errors in his internal revenue tax calculations would not open the entry, therefore, to any claims except in connection with such reliquidation. Were it otherwise held, the collector would be able to defeat the importer's right to a hearing upon the merits of his case by a reliquidation to correct an insignificant error.

In view of our position in this matter, we find that protest 50866–K is properly before us; that protest 50867–K never involved any claim for clerical error and also is properly before us; and that protest 52428–K was not timely filed with the collector, and any action taken by him as to reliquidation of the entry was null and void because the time in which he was allowed by statute to reliquidate had expired. The reliquidation being of no effect, the importer's protest of December 23, 1940, is also ineffective. Therefore, the Government's motion to dismiss is granted as to protests 49316–K, 52428–K, and 66004–K, and denied as to protests 50867–K and 50868–K.

As to the merits of the case, following *Seagram* v. *United States, supra,* we hold that the whisky in question is properly dutiable upon the basis of the invoiced quantity. The importer's contention that an allowance of 2½ per centum should be made for outage from such invoiced quantity is untenable. Under the law duty may not be taken upon less than the quantity imported. Where it is held that the invoice quantity is the quantity imported, judgment for any lesser amount would be contrary to statute and unlawful. Article 815 (e) of the Customs Regulations of 1937 makes provision for outages, stating specifically that such "Outages * * * will be subject to an allowance of 2½ per centum for normal outage from the capacity as shown by the gauger's return or the invoiced quantity." That is to say, the outage reported shall be determinative of an allowance of 2½ per centum in the following manner: In the event the gauger has found a greater quantity (i. e., a lesser outage) in the package than shown upon the invoice, an allowance of 2½ per centum is permissible in calculating the duty upon the basis of the capacity of the cask. Where the gauger has found a less quantity (i. e., a greater outage) in the package than shown upon the invoice, an allowance of 2½ per centum is authorized to be taken from such invoiced quantity under the regulations. However, if the 2½ per centum deduction so reduces the quantity as to become less than the quantity imported, to such extent the deduction would be unlawful. In the *Seagram* case, *supra,* as well as in the protests in the case before us, the importer is claiming that the invoiced quantities are the quantities imported. That claim our appellate court has sustained. Following that decision, we hold that the invoiced quantities of the whisky in question, as covered by all of the protests herein, except protests 49316–K, 52428–K, and 66004–K, are the proper quantities upon which duty is assessable.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entries and make refunds accordingly, except as to protests 49316–K, 52428–K, and 66004–K, which are hereby dismissed.