**No. 50738.**—Protest 46927–K of Aris Gloves, Inc. (New York).

OLIVER, Presiding Judge: When this case was called for trial, counsel for the Government moved that the protest be dismissed as untimely in that it was filed more than 60 days after liquidation. Decision on the motion was reserved, and application of counsel for time to file memoranda thereon was granted.

Liquidation of the entry involved took place on June 12, 1940, and the protest was filed on August 12, 1940, or 61 days after liquidation. It appears that the sixtieth day after liquidation, August 11, was a Sunday, and in the memorandum filed on behalf of plaintiff in opposition to the motion numerous statutes and cases are cited, and various arguments are advanced for the proposition that when the last day for filing falls on a Sunday the act may lawfully be done on the succeeding day.

The question, however, is not a new one in customs litigation and it has been consistently decided adversely to the contention made by the plaintiff, the latest expression being found in *Joseph E. Seagram & Sons, Inc.* v. *United States,* 15 Cust. Ct. 95, C. D. 951, wherein this court (Keefe, J.) held that, under section 514, Tariff Act of 1930, a protest is filed when received by the collector and, if the sixtieth day falls on Sunday, a protest received the day following is untimely and should be dismissed. Judge Keefe cited the leading case of *Psaki Bros.* v. *United States,* 3 Ct. Cust. App. 479, T. D. 33122, wherein our appellate court held that when the 10-day limit fixed by the Customs Administrative Act of 1890 for filing a protest expired on Sunday, it was not a seasonable compliance when the protest was filed on the Monday morning ensuing.

In view of the foregoing and having no equitable jurisdiction, we are constrained to grant the motion to dismiss the protest herein.

**No. 50739.**—Protests 48550–K, etc., of Kageyama & Co., Inc., et al. (Los Angeles).

Opinion by COLE, J. It was stipulated that the merchandise consists of dried, unsalted fish the same in all material respects as that passed upon in Abstract 50242. In accordance therewith the protests were sustained as claimed.