BEFORE THE THIRD DIVISION, FEBRUARY 16, 1956

No. 59722.—British American Importation Co., Ltd. v. United States, protest 226511–K (Los Angeles).

EKWALL, Judge:   Plaintiff in this case imported a quantity of Scotch whisky and entered the same at the port of Los Angeles for warehouse.   The collector of customs at that port liquidated the entry, assessing customs duty and internal revenue tax upon different quantities.   This liquidation was duly protested (protest 112013–K) on the ground that, under the holding in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, duty was assessable only upon the quantities upon which internal revenue taxes were finally assessed.   (*Bohemian Distributing Co. et al.* v. *United States*, 30 Cust. Ct. 329, Abstract 57040, initial No. 105427–K.)   The judgment order of this court directed the collector to "refund * * * all duties taken upon quantities in excess of the quantities subject to final assessment of internal revenue taxes * * *."

The collector of customs, in attempting to obey the order of the court, reliquidated on May 14, 1953, taking as the basis of quantity for customs duties 4,676.4 gallons.   Subsequently, he re-reliquidated under dates of July 1, 1953, and August 19, 1953.   The final re-reliquidation of August 19, 1953, is claimed by the plaintiff herein to be erroneous, in that it is alleged duty and internal revenue tax should have been assessed only upon the quantity withdrawn for consumption, which is to be determined "when withdrawn from bond."   (26 U. S. C. § 2800 (a) (1) and § 2800 (f).)

The facts, as disclosed by a perusal of the official papers in evidence and the testimony of the liquidator at the port of Los Angeles, were substantially as follows: The entry was originally liquidated on May 15, 1944, at which time the customs officials considered the proper dutiable amount for purposes of assessing customs duties to be 4,751.6 gallons, whereas the quantity subject to internal revenue tax was taken as 4,676.4 gallons.   At the time of this liquidation, the whisky was still in warehouse, and the taxable quantity could not be determined.   Therefore, this liquidation did not represent the final determination of the tax.   Two years thereafter, the whisky, consisting of 1,992 cases, was withdrawn from warehouse for transportation to New York.   The shipment arrived in New York with seals intact.   The discharging inspector at New York reported an outage of 133 bottles.   The collector at the port of New York assessed the tax upon a quantity which included 26.6 gallons, representing the contents of these 133 bottles, in his final re-reliquidation of August 19, 1953.   It is against this re-reliquidation that the present protest has been filed.

From the record, it is clear that no "final assessment of internal revenue taxes" took place until this re-reliquidation of August 19, 1953.   The original liquidation made in 1944 was made prior to withdrawal; therefore, it could not be considered a "final" assessment.   The reliquidation of May 14, 1953, and the re-reliquidation of July 1, 1953, were set aside by the collector.   The "final" assessment, as represented by the re-reliquidation of August 19, 1953, is plainly erroneous, in that tax was assessed upon a quantity of whisky never withdrawn for consumption.

Plaintiff's claim is, therefore, sustained and the whisky held assessable for both internal revenue taxes and customs duties on the basis of 4,648 gallons.

Judgment will be rendered accordingly.