(C. D. 1817)

CONTINENTAL DISTILLING CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 25, 1956)

*Sharretts, Paley & Carter* (*Howard Clare Carter* and *Richard F. Weeks* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Dorothy C. Bennett*, trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: This case involves two protests covering distilled spirits, entered for warehouse at the port of Philadelphia. Said protests have been consolidated and are before us on a motion to

dismiss, made by counsel for the Government, on the ground of untimeliness. The official record of the dates of liquidation, as evidenced by the date stamps on the face of the entries, shows that entry 2713, covered by protest 156722–K, was liquidated on April 24, 1946, and entry 2667, covered by protest 156723–K, was liquidated on May 3, 1946. The instant protests were filed on August 30, 1946, or over 3 months subsequent to the dates of liquidation. Defendant claims that said pleadings are untimely, not having been filed within the statutory 60-day period after liquidation. (Section 514, Tariff Act of 1930.)

In opposition to the motion to dismiss, plaintiff claims that the protests are timely, in that they were filed within 60 days after the dates of demands received from the collector of customs at Philadelphia. At the first hearing held at the port of New York, a motion to dismiss was made by the Government. This motion was denied on the ground that defendant had failed to sustain its burden of proof, in that the demands relied upon by plaintiff were not produced in evidence. A motion to amend the pleadings to include new claims, including one for allowance in liquidated duties under Public Law 612 (62 Stat. 344), was subsequently granted. After a number of continuances, the cases were transferred back to Philadelphia, where plaintiff's counsel produced photostatic copies of the "demands" against which the protests were lodged, which were received in evidence as Exhibits 2 and 4. The chief liquidator at that port produced the warehouse ledger sheets covering the two entries here involved and testified that the demands were for unpaid balances of liquidated duties due. Counsel for the Government thereupon renewed the motion to dismiss. Decision on this motion was reserved by the judge on circuit for ruling by this division of the court, and the cases were continued to the next Philadelphia docket, after decision on said motion.

The record discloses that this merchandise arrived at Tampa, Fla., and was transshipped to Philadelphia. Applications to manipulate under section 562 of the Tariff Act of 1930 were granted. The said manipulation consisted of dumping the barrels for storage in bulk in bonded tanks, during which process approximately 3 gallons of water were added to each dumped barrel for cleaning purposes, and the residue, consisting of mixed water and spirits, was dumped into the bonded tanks. This manipulation took place in a class-2 bonded warehouse. The instant importations were part of a large number, all of which were manipulated in like manner and poured together in the large tanks. From time to time, parts of the contents of the tanks were withdrawn. It was the testimony of the chief liquidator at the port of entry that the ledger sheets in evidence showed the

amounts charged against the entry and the credits allowed for withdrawals. These credits are, in reality, a bookkeeping item against the debit computed as the duties which would be due on the gallonage imported. As the credits were matched against the debits on withdrawals from class-2 warehouse, a certain number of gallons were shown never to have been so withdrawn.

It is the claim of the plaintiff that its liability and the amount of the duties were finally fixed, not by the liquidations, but by the demands, which resulted from the collector's calculation on the basis of the ledger sheets, withdrawals, etc., as outlined in the testimony of the chief liquidator, and that the protests are, therefore, timely. Plaintiff further contends that the liquidations were invalid, in that no taxes were payable until the withdrawal for consumption, citing *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, and that, since the spirits on which duties were claimed to be due by the collector were never withdrawn from warehouse, the taxable quantity could not be determined and the liquidation did not represent the final determination of the duties or tax.

In support of this contention, plaintiff cites the case of *British American Importation Co., Ltd.* v. *United States*, 36 Cust. Ct. 342, Abstract 59722. A perusal of that decision discloses that the finding of the court was the result of timely protests against the collector's liquidation and subsequent reliquidations. In the instant case, the gist of plaintiff's case is the legality of the collector's liquidation. That question can be raised only by protest filed within the statutory 60 days after such liquidation. *Spiegel Bros.* v. *United States*, 21 C. C. P. A. (Customs) 310, T. D. 46831; *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, T. D. 46832. The demands here made by the collector, upon which plaintiff relies, were for unpaid duties, and the protests were filed 3 and 4 months, respectively, subsequent to the dates of the liquidations.

A demand by the collector, based upon a prior liquidation, is not a decision or exaction against which protest will lie under section 514 of the tariff act. *United States* v. *Mexican Petroleum Corp.*, 28 C. C. P. A. (Customs) 90, C. A. D. 130. The court there stated:

* * * The collector made no modification of his original liquidations and it is obvious that a protest against his affirming his original decision does not lie. By the letter of March 11, 1937 the collector merely made a further demand for payment of the tax in view of the decision of the Bureau of Customs. This demand, based upon a prior liquidation, is not a decision or exaction against which a protest may be filed. *United States* v. *Andrews & Co. (Inc.)*, 14 Ct. Cust. Appls. 62, T. D. 41576; *Scherk Importing Co.* v. *United States*, 17 C. C. P. A. (Customs) 135, T. D. 43470; *Hiram Walker & Sons, Inc.* v. *United States*, 25 C. C. P. A. (Customs) 189, T. D. 49293.

The record before the court shows that the collector made no modification of the original liquidations, and the demands were based upon prior liquidations which, in the absence of protest, had become final and conclusive. See *Parrott & Co. et al.* v. *United States*, 30 Cust. Ct. 133, C. D. 1511.

The protests before us were filed more than 60 days after liquidation, and the demands were merely attempts to collect the liquidated duties, the amounts of which had become final and conclusive against both the plaintiff and the Government. They are, therefore, untimely. The motion to dismiss is granted.

It is so ordered.