BEFORE THE SECOND DIVISION, JULY 16, 1957

**No. 61049.**—Atwood Vacuum Machine Co. *v.* United States, protest 249262–K/6543 Chicago).

LAWRENCE, Judge: Certain merchandise, described in the consular invoice herein as "HOT ROLLED STRIP EXTRA SOFT BASIC BESSEMER QUALITY," which, it appears from the record, consists of flat pieces of hot-rolled steel, 120/1000 to 150/1000 of an inch in thickness, 17.7 inches wide, and 115 inches long, was classified by the collector of customs as "steel strip, nspf," in paragraph 313 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 313), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, and duty was imposed thereon at the rate of 12½ per centum ad valorem.

Plaintiff contends that the merchandise consists of sheets of steel of the kind provided for in paragraph 308 of said act (19 U. S. C. § 1001, par. 308), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and "ordinarily" dutiable thereunder. However, since the articles are thicker than 109/1000 of an inch, plaintiff claims that they are subject to the proviso in paragraph 308 which requires that such merchandise should be classified as plate iron or plate steel in accordance with the provisions of paragraph 307 of said act (19 U. S. C. § 1001, par. 307), as modified by said general agreement, *supra*, and dutiable, accordingly, at 10 per centum ad valorem.

The pertinent text of the provisions of the statutes above referred to is here set forth.

Paragraph 313, as modified, *supra*—

Bands and strips of iron or steel, whether in long or short lengths, not specially provided for_____ 12½% ad val.

Paragraph 308 of the Tariff Act of 1930—

Sheets of iron or steel, common or black, of whatever dimensions, * * * *Provided,* That all sheets or plates of common or black iron or steel not thinner than one hundred and nine one-thousandths of one inch shall be subject to duty as plate iron or plate steel.

Paragraph 307, as modified, *supra*—

Boiler or other plate iron or steel, except crucible plate steel and saw plate steel, not thinner than one hundred and nine one-thousandths of one inch, cut or sheared to shape or otherwise, or unsheared, and skelp iron or steel sheared or rolled in grooves; all the foregoing regardless of value_____ 10% ad val., but not less than 0.175¢ per lb.

At the trial, four witnesses were called, all of whom gave evidence on behalf of plaintiff.

Frederick D. Sculley testified that he is director of purchases of the Atwood Vacuum Machine Co., plaintiff herein; that he is familiar with the various commodities which the company purchases, including sheets of steel and strips of steel, having become familiar with the meaning of those terms through his con-

tacts with the steel industry of the United States; that his company is engaged in the manufacture of "auto body hardware, automotive hardware; in the main we make door hinges, seat hinges, seat adjustors and miscellaneous stampings; we also make some stampings for industries other than ours."

Sculley identified the importation as being 120/1000 to 150/1000 of an inch thick, 17.7 inches wide, and 115 inches long, hot-rolled sheets of steel.

Based upon his experience in purchasing such merchandise in the United States, he stated that the material above described was known as sheets of steel; that, when used by his company, "the material was sheared into smaller strips and fed through presses where it was blanked and formed into various hardware items"; that they were stamped out of the imported sheets and shaped into articles for automobiles. When asked if the steel in controversy was known as common or black steel, the witness replied, "Yes. Black sheet."

On cross-examination, he testified, in substance, that hot-rolled strip steel was another term used to describe an item under 12 inches wide "up to a top thickness of .230"; that anything under 12 inches wide and under 0.230 of an inch thick would be a strip of hot-rolled steel, those dimensions, he stated, being in accordance with "terminology defined in the American Iron and Steel Institute Manuals, which is the so-called bible of the steel industry"; and that an item of hot-rolled steel, 16¼ inches wide, would be, according to his understanding, a sheet.

Plaintiff's second witness, Ronald Paul Broadhurst, testified that he had been connected with the Youngstown Sheet and Tube Co. for 20 years, having been employed as assistant district sales manager for the Chicago district; that, for the last 3 years, he had been engaged in selling all the products of his company, which included materials known as sheets and strips of steel; also, that he had sold material such as that described as common or black steel, 17.7 inches wide by 115 inches long, having a thickness of 120/1000 of an inch in some cases and 150/1000 of an inch in other cases; that, as a result of his trade experience, he was familiar with the meaning of the terms "sheets" and "strips" of steel as used in his industry, and, at this point, identified a booklet, entitled "Steel Products Manual," issued by the American Iron and Steel Institute in October 1948, and was asked if, on page 5, there was a definition of the terms "hot rolled" and "hot rolled pickled sheets," to which the witness answered in the affirmative. Page 5 of the manual, which was later received in evidence as plaintiff's exhibit 1, was then offered for the purpose of establishing the definition used by the institute. The witness explained that the words "hot rolled pickled sheets" are descriptive of a "hot rolled sheet that has been given an acid bath," but that "Black steel would not embrace hot rolled pickled"; that "The terms common or black would embrace black steel sheets."

The attention of the witness was also invited to a publication, entitled "Hot Rolled Sheets," effective December 11, 1950, which, he stated, contained on page 3 a definition or specifications for hot-rolled sheets, which specifications included common and black steel. Page 3 of the pamphlet was then received in evidence as plaintiff's exhibit 2.

Broadhurst then stated that the definitions and specifications in plaintiff's exhibits 1 and 2 were in effect at the time the merchandise in controversy was imported. Referring to items of merchandise of the sizes under consideration here, the witness testified that they would be classified as hot-rolled steel sheets, his statement resting, in part, upon the definitions in exhibits 1 and 2.

We quote the following from his testimony:

Q. Would you just point out into which category these sheets would fall—you now have Plaintiff's Exhibit #2—what would the article 17.7″ in width by 120/1000ths of an inch thick or 150/1000ths of an inch thick by 150″ long

fall into?—A. In thickness classification .1799 to thickness .1568 in the width classification of 12″ to 48″, it is described as a sheet.

Q. All right, referring to Plaintiff's Exhibit #1 will you state where on page five the particular merchandise falls?—A. Hot rolled and hot rolled pickled sheets is a general classification over 12″ to 48″ inclusive in widths, thicker than .230 to .0499 inclusive, comes under the general definition and description of hot rolled and hot rolled pickled sheet.

Based upon his experience in the steel industry, Broadhurst regarded the imported merchandise as steel sheets.

On cross-examination, Broadhurst, when asked if merchandise, 17.7 inches by 0.120 of an inch by 115 inches and 17.7 inches by 0.150 of an inch by 115 inches, was within his "understanding of the term sheet when it is a hot rolled product," replied in the affirmative. He also stated that the description "Extra Soft Basic Bessemer Grade Hot Rolled Strip New Billet Basic Bessemer Steel" was not a term used in the United States. When asked, "If a hot rolled sheet is not thinner than .109 * * * is that a plate or a sheet?" he replied that it could be both, but that if it were under 0.230, "Down to 12″ it is a sheet."

The third witness who testified for plaintiff was Samuel G. Wagner, "assistant manager of sheet sales" with the Inland Steel Co. for about 3 months, but engaged in the sales department since 1947, selling various types of sheet and strip steel.

He was given a description of the subject importation and, based upon his experience in the industry, stated that said merchandise would be described as black steel and would be known as sheets.

On cross-examination, Wagner, when asked to explain the line of demarcation between a strip and a sheet of steel, replied:

On a hot rolled product the difference between hot rolled sheets and hot rolled strips is based on thickness and width. A hot rolled sheet of steel is a flat steel over twelve inches wide to forty-eight inches wide, inclusive, with a thickness of .2299 and thinner; over 48″ wide it is a hot rolled sheet of steel if the thickness if [sic] .1799 or thinner; that would be our classification.

\* \* \* \* \* \* \*

Hot rolled strip steel is 12″ and under in width.

When asked if a sheet of hot-rolled steel not thinner than 0.109 of an inch would be a plate or a sheet, the witness replied:

It could be either a sheet or a plate, if it was .109″ or thicker, depending on width.

Plaintiff's fourth and last witness, Thomas S. O'Connor, testified that he had been district sales manager of the McLouth Steel Corp. since January 1952 in the Chicago area, engaged in the production and manufacture of hot-rolled strip sheet and stainless strip and sheet steel; that, prior to 1952, he had been sales representative for his company in western Michigan. Sheets and strips of steel were among the types of products which he sold, and, upon hearing the description of the merchandise in controversy, he stated that he had been familiar with it for the past 10 years and that it was known as "Hot rolled sheets." He identified a publication, entitled "Hot Rolled Sheets," issued by the McLouth Steel Corp., effective December 1, 1950, and stated that the specifications for hot-rolled sheets were set forth on page 3 of that pamphlet, which was received in evidence as plaintiff's exhibit 4.

O'Connor, when asked if the dimensions and thickness of the material involved in this case were within one of the categories of sheets on page 3 of said exhibit 4, replied in the affirmative, that is, "It is over 12″ in width, the gauge is between .2299–.0449 and as such it would be defined as sheet, as far as I am concerned."

There was no testimony offered in rebuttal and, hence, we shall draw upon the uncontradicted testimony of the four witnesses whose evidence has been analyzed above.

The contention of plaintiff is succinctly set forth in its brief in the following terms:

Plaintiff contends that this merchandise consists of sheets of steel which would ordinarily be dutiable under Paragraph 308 as modified by T. D. 51802. But being thicker than 109/1000 of an inch, these sheets are subject to the proviso of that Paragraph which requires that they be assessed for duty as plate iron or plate steel, at 10% ad valorem under Paragraph 307 as modified by T. D. 51802.

Plaintiff relies not only upon the evidence given by the four witnesses above referred to, but also urges that the following definitions of the terms "plate," "sheet," and "strip" support its claims.

Webster's New International Dictionary (1951), second edition—

**plate,** *n.* **1.** A smooth, often nearly flat, and relatively thin, piece of any material, orig. only of metal; a thick sheet, slice, or lamina; esp., a perfectly flat sheet of material of uniform thickness throughout; as, the back *plate* of a watch, etc.; a boiler or armor *plate.* **2.** Metal in sheets, whether beaten, rolled, or cast.

**sheet,** *n.* \* \* \*. **10.** A broad, thinly expanded portion of metal or other substance; also, a plate forming part of a tank or boiler, regardless of thickness. \* \* \* **17.** *Iron & Steel Mfg.* A portion of metal less than about a quarter of an inch (sometimes one eighth) in thickness, a portion having above this thickness being designated a *plate.*

**strip,** *n.* **1.** A narrow or relatively long piece; as, a *strip* of cloth; a *strip* of land. \* \* \* **10.** *Metal.* A rolled piece of metal, esp. iron or steel, of the thickness of sheet metal but relatively long and narrow.

Funk & Wagnalls New Standard Dictionary (1942)—

**plate,** *n.* **1.** A flat, extended, rigid body, as of metal, of slight thickness, especially when intended for attachment to another body, usually thicker, as the iron strips laid upon the track-beams of a tramway.

**sheet,** *n.* **1.** A very thin and broad piece of any substance; \* \* \* anything having considerable expanse with very little thickness. \* \* \* (3) A piece of metal or other substance hammered, rolled, fused, or cut very thin; as, a *sheet* of tin; a *sheet* of glass; a *sheet* of veneer. \* \* \* **2.** A broad, flat surface; superficial expanse; as, a *sheet* of water; a *sheet* of flame; the rain fell in *sheets.*

**strip,** *n.* **1.** A narrow piece comparatively long; as, a *strip* of cloth, board, or land. \* \* \* **8.** A brass ingot cast shallow for rolling into sheets.

The Century Dictionary (1890), volume IV—

**plate,** *n.* **1.** A sheet of metal of uniform thickness and even surface: as, a *plate* of gold; a steel *plate.* \* \* \* **8.** A flat piece of metal, as brass, copper, or steel, on which any representation or inscription is engraved: as, a door-*plate*; a coffin-*plate*; especially, such a piece of metal so engraved for impression on paper, etc.: as, a book-*plate*; a card-*plate*; \* \* \*.

The Century Dictionary (1890), volume V—

**sheet,** *n.* \* \* \* **2.** In general, a broad, usually flat, and relatively thin piece of anything, either very flexible, as linen, paper, etc., or less flexible, or rigid, as lead, tin, iron, glass, etc. (a plate). \* \* \* **3.** A broad expanse or surface: as, a *sheet* of water, of ice, or of flame.

**strip,** *n.* **1.** A narrow piece, comparatively long \* \* \*.

The New Century Dictionary (1946), volume one—

**plate,** *n.* A thin, flat sheet or piece of metal or other material, esp. of uniform thickness; as a material, metal in such sheets; sometimes, plate-glass; also, a flat piece of metal used in making armor; armor composed of such pieces; also, a flat, polished piece of metal on which something may be or is engraved (as, a door-*plate*); also, such a piece engraved to print from; \* \* \* also, a sheet of metal for printing from, formed by stereotyping or electrotyping a page of type; also, a flat strip of metal with a projecting flange, forming part of the track of a railway, or, sometimes, a rail of an ordinary railroad (chiefly Eng.); \* \* \*.

The New Century Dictionary (1946), volume two—

**sheet,** *n.* * * * a broad, thin mass, layer, or covering; a broad, relatively thin piece of iron, glass, etc.; * * *.

**strip,** *n.* A narrow piece, comparatively long and usually of uniform width (as, a *strip* of cloth, paper, board, metal, etc.); * * *.

Plaintiff, in its brief, reminds us that some of the foregoing definitions were cited by us in *Burgess Battery Co.* v. *United States*, 19 Cust. Ct. 28, C. D. 1063, wherein we held that an importation of rough rolled strip zinc in coils was not included within the provision for "Zinc * * * in sheets" in paragraph 394 of the Tariff Act of 1930, as modified, since it appeared from the record that the evidence was inadequate to prove that strip zinc is known in the trade and commerce uniformly, definitely, and generally as zinc in sheets.

In addition to the *Burgess* case, *supra*, we have examined the various judicial authorities cited by adversary counsel in their briefs, but, due to material differences in the facts and issues presented, we find it unnecessary to discuss them here.

We have also examined the references to the Summaries of Tariff Information, cited in the brief of defendant, but we are of the opinion that the matter contained therein cannot be accepted as a guide to our interpretation of the statutes involved herein, in the light of the present record.

The unrefuted evidence of the four witnesses who testified on behalf of plaintiff, viewed as advisory to the court's understanding of the terms "plate," "sheet," and "strip," and aided by the lexicographic definitions quoted above, satisfies us that the subject merchandise consists of sheets of steel, black, which would be classifiable in paragraph 308 of said act, except that the proviso to paragraph 308 relegates all sheets of black steel, not thinner than 109/1000 of 1 inch, to dutiable classification in paragraph 307, as modified, *supra*.

Upon the record before us, we hold that the subject merchandise is properly classifiable in paragraph 307, as modified, *supra*, as plate steel of the kind therein provided, and dutiable at 10 per centum ad valorem, but not less than 0.175 cent per pound, as claimed by the importer.

To the extent indicated, the protest is sustained, and judgment will be entered directing the collector of customs to reliquidate the entry accordingly.