BEFORE THE SECOND DIVISION, OCTOBER 15, 1959

No. 63436.—Atwood Vacuum Machine Co. *v.* United States, protest 267764–K/ 6705 (Chicago).

LAWRENCE, Judge: Two importations from Belgium were classified by the collector of customs as consisting of steel strips, not specially provided for, in paragraph 313 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 313) and duty was imposed thereon at the rate of 15 per centum ad valorem as to the merchandise covered by entry 11427 and at the rate of 12½ per centum ad valorem as to the merchandise covered by entry 13926, although both importations were entered during the effective period of the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

After the protest claiming a lower rate of duty and a different classification of the merchandise pursuant to paragraph 308 of the tariff act (19 U.S.C. § 1001, par. 308), as modified, *supra*, was filed, and within the time allotted by statute (19 U.S.C. § 1515), within which the collector may review and modify his decision, the collector reliquidated entry 13926, the only effect of which was to increase the applicable rate of duty from 12½ to 15 per centum ad valorem, the classification of the merchandise standing as originally made.

Inasmuch as the plaintiff herein did not re-protest after the collector's reliquidation of entry 13926, we feel called upon to rule on the validity of the protest, insofar as it relates to that entry.

A somewhat similar situation arose in the case of *Benziger Brothers* v. *United States*, 10 Treas. Dec. 665, T.D. 26898, wherein the Board of General Appraisers (now the United States Customs Court) held that during the pendency of a protest the collector of customs may not reliquidate except in accordance therewith, and that the collector's attempted reliquidation was unauthorized and void and that the protest made against the original liquidation was valid. The decision of the board in so holding was cited with approval by our appellate court in the case of *United States* v. *Straus & Sons et al.*, 5 Ct. Cust. Appls. 147, 150, T.D. 34193.

In the instant case, inasmuch as the action of the collector in reliquidating entry 13926 was not in accordance with the protest timely filed against the original liquidation, said action was unauthorized and the reliquidation void. The protest before us is, therefore, valid with respect to entry 13926 as well as to entry 11427.

The claim for relief presently relied upon by plaintiff is contained in an amendment to the protest to the effect that the imported merchandise should

properly have been classified as plate steel of the kind provided for in paragraph 307 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 307), as modified, *supra*, for which duty at the rate of 10 per centum ad valorem, but not less than 0.175 cent per pound is provided.

When this case was called for trial, the protest file was received in evidence as plaintiff's collective exhibit 1, and the parties hereto entered into an oral stipulation of fact wherein it was agreed that the merchandise at bar consists of plate steel similar in all material respects to that which was the subject of decision in *Atwood Vacuum Machine Co.* v. *United States*, 39 Cust. Ct. 366, Abstract 61049, wherein similar merchandise was held to be plate steel within the purview of said paragraph 307, as modified, *supra*, and subject to duty at the rate therein provided. By agreement of counsel, the record in the *Atwood* case, *supra*, was incorporated with the record herein.

The Government concedes that plaintiff's claim is well founded.

Based upon the facts presented and following the cited authority, we hold that the merchandise in controversy should properly have been classified as plate steel of the kind provided for in paragraph 307 of the Tariff Act of 1930, as modified, *supra*, and assessed with duty at the rate of 10 per centum ad valorem, but not less than 0.175 cent per pound. The claim of plaintiff to that effect is, therefore, sustained. All other claims are overruled.

Judgment will issue accordingly.