BEFORE THE THIRD DIVISION, NOVEMBER 16, 1961

No. 66215.—Close & Stewart v. United States, protests 59/21355, etc. (Seattle).

DONLON, Judge: There are two groups of merchandise which are the subject of the four protests here before us. The protests are not consolidated.

As to one group of merchandise, the parties have stipulated that the merchandise identified on the invoices by the letter "A" and assessed with duty at 3¼ cents per pound under paragraph 703 is similar in all respects to the pork involved in *C. J. Tower & Sons* v. *United States*, 43 Cust. Ct. 36, C.D. 2100. The stipulation is as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed C. E. G. (Examiner's Initials) by Examiner C. E. Griffith (Examiner's Name) on the invoices covered by the protests enumerated in the attached Schedule "A", hereto annexed and made a part hereof, and assessed with duty at 3¼¢ per pound under Par. 703 of the Tariff Act of 1930 consist of prepared or preserved pork similar in all material respects to the prepared or preserved pork the subject of *C. J. Tower & Sons* v. *United States*, C.D. 2100, and therein held to be dutiable at 2¢ per pound under said Par. 703 as modified by T.D. 51802.

IT IS FURTHER STIPULATED AND AGREED that the entries enumerated in said Schedule "A" together with the accompanying papers transmitted by the Collector pursuant to Section 515 of the Tariff Act of 1930 as amended, be received in evidence herein without being marked.

IT IS FURTHER STIPULATED AND AGREED that the protests covered by this stipulation and enumerated in said Schedule "A" be submitted on this stipulation.

IT IS HEREBY REQUESTED subject to the approval of the Court, that plaintiff have 30 days after submission to file its brief herein on the question of the validity of certain liquidations and reliquidations involved herein and that defendant have 30 days from the filing of plaintiff's brief in which to file its brief.

As to the second group of merchandise, plaintiff, either by original protest claim or by amendment, has raised the issue that the purported reliquidations of such merchandise were "illegal, invalid, null and void."

It appears that one of these protests, viz, the protest in 59/21357, was filed more than 60 days after the collector's reliquidation and, hence, is untimely as a protest against the collector's action. The reliquidation was on August 30, 1957. The protest was filed October 30, 1957. Protest 59/21357 is, therefore, dismissed.

Protests 59/21355, 59/21356, and 294228–K were timely filed.

The reliquidation of entries 020–82, 020–87, 020–91, 020–95, 020–101, and 020–111 of protest 294228–K was made after the collector's time to reliquidate had expired. All duties exacted on such reliquidation should be refunded. The

remaining entries of that protest, namely, entries 020–486 and 020–493, were not reliquidated. Protest, as to those entries, is against original liquidation. The stipulation herein covers designated merchandise of those entries.

The reliquidation of entries 020–146 and 020–167 was protested, 59/21356. The original liquidation of those and other entries (020–165 and 020–168) was protested, 59/21355. As to protest 59/21356, the reliquidation occurred after protest 59/21355 had been filed. Therefore, as to entries 020–146 and 020–167, the collector reliquidated at a time when his authority to do so was stayed by timely protest against the original liquidation. Such reliquidation was null and void, and duties exacted on the reliquidation should be refunded. Protest 59/21356 is sustained.

The stipulation herein covers designated merchandise of the entries of protest 59/21355.

Accepting the stipulation filed here as an agreed statement of facts as to the involved merchandise and on authority of the decision in *C. J. Tower & Sons* v. *United States, supra*, we hold that the pork meat covered by the entries in protests 59/21355 and entry Nos. 020–486 and 020–493 of protest 294228–K, represented by the items marked "A" and with the initials of Examiner C. E. Griffith on the invoices, *liquidated and assessed with duty at 3¼ cents per pound under paragraph 703*, is dutiable at 2 cents per pound under paragraph 703 of the Tariff Act of 1930, as modified by GATT.

To the extent indicated, protest 59/21355 and protest 294228–K, as to entry Nos. 020–486 and 020–493, are sustained as to the items marked "A" and are overruled as to all other merchandise.

Protest 59/21356 and protest 294228–K, as to entry Nos. 020–82, 020–87, 020–91, 020–95, 020–101, and 020–111, against reliquidations which are null and void, are also sustained. Protest 59/21357, which was untimely, is dismissed.

Judgment will be entered accordingly.

(Note: RICHARDSON, Judge, concurred in the following opinion):

### CONCURRING OPINION

JOHNSON, Judge: For the reasons stated below, I concur in the decision of my colleague.

The merchandise involved in this case consists of various types of prepared or preserved pork, assessed with duty on liquidation or reliquidation at 3¼ cents per pound under paragraph 703 of the Tariff Act of 1930.

This case has been submitted upon a stipulation of counsel for the respective parties and upon the entries and the accompanying papers transmitted to the court by the collector. Several different fact situations are presented.

1. Entries numbered 020–146, 020–165, 020–167, and 020–168 were originally liquidated on May 20, 1957, at which time duty was assessed on the various imported products at 1¼ cents per pound, 2 cents per pound, 3 cents per pound, or 3¼ cents per pound, respectively, under paragraph 703, or said paragraph, as modified. Protest No. 59/21355 was filed against these liquidations. Claim was made in the protest and the amended protest that the merchandise assessed with duty at 3¼ cents per pound was properly dutiable at 2 cents per pound under paragraph 703, as modified by the General Agreement on Tariffs and Trade, T.D. 51802. As to this merchandise, it has been stipulated that it is similar in all material respects to the prepared or preserved pork the subject of *C. J. Tower & Sons* v. *United States*, 43 Cust. Ct. 36, C.D. 2100, and therein held to be dutiable at 2 cents per pound under said paragraph 703, as modified, as bacon, hams, and shoulders, and other pork, prepared or preserved, not cooked,

boned, packed in airtight containers, or made into sausages. I am in agreement with my colleague that this protest should be sustained and that the merchandise represented by the items marked with the letter "A" and the initials of the examiner on the said invoices is properly dutiable at 2 cents per pound under said paragraph 703, as modified.

2. Entries numbered 020–486 and 020–493 were liquidated on April 20, 1956, at which time duty was assessed on the various products at 1¼ cents per pound, 2 cents per pound, or 3¼ cents per pound, respectively, under paragraph 703, or said paragraph, as modified. Protest No. 294228–K was filed against these liquidations, among others. It is claimed that the merchandise assessed with duty at 3¼ cents per pound is properly dutiable under paragraph 703, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, at the rates applicable to pork, other, not cooked, boned, packed in airtight containers, or made into sausage. This merchandise is also covered by the stipulation of counsel, and I am in agreement with my colleague that the protest should be sustained as to the merchandise covered by these entries and represented by the items marked with the letter "A" and with the initials of the examiner on the respective invoices. Said merchandise is properly dutiable at 2 cents per pound under paragraph 703, as modified.

3. Subsequent to the liquidation of entries numbered 020–165 and 020–168 on May 20, 1957, and subsequent to the filing of protest No. 59/21355 on July 11, 1957, the collector reliquidated the entries, imposing duty at 3¼ cents per pound on products originally assessed with duty at 2 cents per pound. Said reliquidations were made on August 30, 1957, and protest No. 59/21357 was filed on October 30, 1957, more than 60 days after reliquidation. The protest claims that merchandise described as sliced back bacon W/P and dry salt pork bellies is dutiable as bacon at 2 cents per pound and that the assessment of duties made was illegal and void.

4. Subsequent to the liquidation of entries numbered 020–146 and 020–167 on May 20, 1957, and subsequent to the filing of protest No. 59/21355 on July 11, 1957, the collector reliquidated the entries, imposing duty at 3¼ cents per pound on products originally assessed with duty at 2 cents per pound. Said reliquidations were made on September 30, 1957, and protest No. 59/21356 was filed on October 22, 1957. In the protest and the amended protest, it is claimed that merchandise described as W/P sliced back bacon and dry salt bellies is dutiable as bacon at 2 cents per pound under paragraph 703, as modified, and that the reliquidations of September 30, 1957, are invalid, illegal, null, and void, since not made in accordance with the original protest of July 11, 1957.

5. Entries numbered 020–82, 020–87, 020–91, 020–95, 020–101, and 020–111 were originally liquidated on January 30, 1956, and duty was assessed on the various products at 1¼ cents per pound, 2 cents per pound, 3 cents per pound, or 3¼ cents per pound, respectively, under paragraph 703, or said paragraph, as modified. No protests were filed against these liquidations. Thereafter, and on April 20, 1956, said entries were reliquidated and duty at 3¼ cents per pound was imposed on some of the merchandise originally assessed with duty at 2 cents per pound. Protest No. 294228–K was filed on May 16, 1956, against these reliquidations, among others. It is claimed in the protest, as amended, with respect to entries numbered 020–82, 020–91, 020–87, 020–95, 020–101, and 020–111, that the reliquidations of April 20, 1956, were illegal, invalid, null, and void, because accomplished more than 60 days after liquidation, no protest being pending.

As to the entries and protests involved in situations 3, 4, and 5, *supra*, plaintiff claims, in its brief, that the attempted reliquidations are illegal, invalid,

null, and void; that judgment should issue so declaring and directing refunds of additional duties assessed under the attempted reliquidations; and that the reliquidations being void, protests No. 59/21356 and No. 59/21357, and that portion of protest No. 294228–K involving reliquidation should be dismissed as premature, citing *Nozaki Bros., Inc., et al.* v. *United States,* 41 Cust. Ct. 245, C.D. 2048.

In a supplemental brief, plaintiff states that its claim for relief is confined to the assertion that the reliquidations are illegal and that the collector should be directed to refund duties based on such illegal action. It is further stated that it was not plaintiff's intention to request the court to dismiss the protests without passing upon the substantive issues raised.

Under section 514 of the Tariff Act of 1930, a liquidation becomes final and conclusive upon all parties, including the United States, upon the expiration of 60 days after the date thereof, unless a protest is filed within the 60-day period. Ordinarily, the plaintiff's right to protest and the collector's right to reliquidate terminate at the expiration of said period. *United States* v. *Andrews & Co. (Inc.),* 14 Ct. Cust. Appls. 62, T.D. 41576; *Hiram Walker & Sons, Inc.* v. *United States,* 25 C.C.P.A. (Customs) 189, T.D. 49293 (affirmed on rehearing, 26 C.C.P.A. (Customs) 121, C.A.D. 4) ; *John S. Phipps* v. *United States,* 22 C.C.P.A. (Customs) 595, T.D. 47601; *United States* v. *Westco Liquor Products Co.,* 38 C.C.P.A. (Customs) 101, C.A.D. 446; *Guy B. Barham Co., Etc.* v. *United States,* 35 C.C.P.A. (Customs) 138, C.A.D. 385. Where a protest has been filed against a liquidation, the collector has no authority to reliquidate during the pendency thereof along lines not covered by the protest. *United States* v. *Straus & Sons et al.,* 5 Ct. Cust. Appls. 147, T.D. 34193; *Benziger Brothers* v. *United States,* 10 Treas. Dec. 665, T.D. 26898; *John S. Phipps* v. *United States, supra;* *H. K. Wheeler, Inc.* v. *United States,* 9 Cust. Ct. 30, C.D. 655; *Joseph E. Seagram & Sons, Inc.* v. *United States,* 15 Cust. Ct. 95, C.D. 951; *Atwood Vacuum Machine Co.* v. *United States,* 43 Cust. Ct. 369, Abstract 63436. Reliquidations made after the expiration of the 60-day period or during the pendency of a protest, except in accordance therewith, are illegal and void. *Guy B. Barham Co., Etc.* v. *United States, supra;* *Benziger Brothers* v. *United States, supra;* *H. K. Wheeler, Inc.* v. *United States, supra;* *Atwood Vacuum Machine Co.* v. *United States, supra.*

Applying these principles to the facts in the instant case, it is clear that the reliquidations of August 30, 1957 (entries numbered 020–165 and 020–168), September 30, 1957 (entries numbered 020–146 and 020–167), and April 20, 1956 (entries numbered 020–82, 020–87, 020–91, 020–95, 020–101, and 020–111), are illegal, null, and void.

The next question involves the proper action to be taken by the court on the protests before us.

In *Guy B. Barham Co., Etc.* v. *United States, supra,* an entry had been liquidated on the basis of the quota rate applicable to tobacco from Cuba. More than 4 months thereafter, the collector learned that the quota had been exhausted at the time the tobacco was withdrawn from warehouse, and the entry was reliquidated at the nonquota rate. On this state of facts, the court pointed out (p. 141) :

The attempted reliquidation was void *ab initio,* and, as hereinafter related, it was so declared by the Commissioner of Customs when the matter reached him.

If there be nothing involved in the case except what appears in the record before us, the importer had a valid and effective defense against any action which might have been brought against it or brought upon its bond, assuming that it

had one on file with the collector. Indeed it is difficult to conceive of the Government bringing suit under the state of facts here existing. So, appellant by merely doing nothing might have been relieved of payment of the amount.

Another remedy open to the importer was that of filing a timely protest against the reliquidation.

In the instant case, the importer has sought relief by way of protest against the reliquidations. Protest No. 59/21357, covering entries numbered 020–165 and 020–168, was not timely, since it was filed more than 60 days after the reliquidation complained of, nor does it claim that the reliquidation was illegal and void. The time within which even the issue of legality could have been raised by protest has elapsed. This protest must, therefore, be dismissed. *Gallagher & Ascher* v. *United States*, 21 C.C.P.A. (Customs) 313, T.D. 46832; *Abraham & Straus, Inc.* v. *United States*, 22 Cust. Ct. 153, C.D. 1174; *Spatola Wines, Inc.* v. *United States*, 32 Cust. Ct. 181, C.D. 1601; *Continental Distilling Corporation* v. *United States*, 37 Cust. Ct. 163, C.D. 1817.

The other two protests involving the legality of the reliquidations, protest No. 59/21356 and protest No. 294228–K, were timely filed. The question is the proper disposition to be made of them.

Courts have held liquidations or reliquidations void in various situations with appropriate, but not necessarily the same, disposition of the protests involved. For instance, where an appraisement has been found to be invalid and void and the liquidation based thereon consequently invalid and void, the protest against the liquidation has been held premature and dismissed, but, under the provisions of section 501 of the Tariff Act of 1930, as amended (new in 28 U.S.C., § 2636(d)), the case has been remanded to a single judge for the determination of the proper dutiable values of the merchandise. *John P. Herber Co., Inc.* v. *United States*, 30 Cust. Ct. 193, C.D. 1519; *Clarence S. Holmes* v. *United States*, 37 Cust. Ct. 260, C.D. 1833; *D. C. Andrews & Company, Inc.* v. *United States*, 38 Cust. Ct. 227, C.D. 1867; *Bluefries New York, Inc.* v. *United States*, 39 Cust. Ct. 79, C.D. 1909.

Where a collector, upon reliquidation following a judgment of the court, has failed to follow the court's mandate, his reliquidation has been declared void and judgment has issued sustaining the protest and directing the collector to reliquidate in conformity with the court's original decision and judgment. *United States* v. *Kurtz, Stuböeck & Co.*, 5 Ct. Cust. Appls. 144, T.D. 34192; *Frank P. Dow Co., Inc.* v. *United States*, 69 Treas. Dec. 336, T.D. 48163; *Aris Gloves, Inc.* v. *United States*, 20 Cust. Ct. 102, C.D. 1091; *Maui Dry Goods & Grocery Co., Ltd.* v. *United States*, 24 Cust. Ct. 297, C.D. 1251; *Juillard Cockcroft Corp., etc.* v. *United States*, 31 Cust. Ct. 325, Abstract 57670; *Moses Harvey Brotman et al.* v. *United States*, 35 Cust. Ct. 351, Abstract 59580.

In cases involving a reliquidation by the collector under section 521 of the tariff act, on the ground that he had probable cause to believe there was fraud, where the court found insufficient facts present to warrant the reliquidation, the reliquidation has been declared invalid and the collector directed to refund any duties collected by reason thereof. *E. Dillingham, Inc.* v. *United States*, 3 Cust. Ct. 245, C.D. 245; *E. Dillingham, Inc.* v. *United States*, 27 Cust. Ct. 109, C.D. 1356; *Carey & Skinner, Inc.* v. *United States*, 33 Cust. Ct. 48, C.D. 1634, appeal dismissed 42 C.C.P.A. (Customs) 243; *Carey & Skinner, Inc.* v. *United States*, 36 Cust. Ct. 84, C.D. 1756.

In cases where the collector has failed to properly post a notice of liquidation, it has been held that there was no final legal liquidation and that, therefore, the protests were premature and were dismissed. *United States* v. *Astra Bentwood Furniture Co.*, 28 C.C.P.A. (Customs) 205, C.A.D. 147; *United States* v. *B. Hol-*

*man, Inc.*, 29 C.C.P.A. (Customs) 3, C.A.D. 164; *Standard Oil Co. of Louisiana* v. *United States*, 33 C.C.P.A. (Customs) 152, C.A.D. 329. In such cases, courts have noted that it was the duty of the collector to complete his liquidation in the manner provided by law.

However, in *Lorraine Fibre Mills, Inc.* v. *United States*, 38 Cust. Ct. 94, C.D. 1848, where a reliquidation was held invalid and void on the ground of the failure to lodge a notice in the customhouse, the protest was sustained, and judgment was rendered directing the collector to refund all monies taken pursuant to the attempted reliquidation. In that case, the reliquidation took place subsequent to a decision of the court on a prior protest but during the period when the collector might still have made a legal reliquidation. The court pointed out (pp. 101–102) :

In some cases where the notice of liquidation has been held insufficient, the court has noted that it is the duty of the collector to complete the liquidation by posting a proper notice. Here, however, the collector could have reliquidated only during the 18-day period subsequent to the date the decision on protest became final. Not having done so, the original liquidation has become final and conclusive, and the Government is without a remedy. *United States* v. *Parkhurst & Co. et al.*, 12 Ct. Cust. Appls. 370, T.D. 40522.

In *Nozaki Bros., Inc., et al.* v. *United States, supra*, the collector, in liquidating, failed to follow the court's judgment in reappraisement and based his liquidations on the value found by the appraiser, rather than that found by the court. The court held the liquidations void and dismissed the protests. Judge Richardson stated, in his decision (p. 252) :

* * * Since there have been no legal liquidations of the entries herein, the protests are untimely because prematurely filed, and must be dismissed. Under the circumstances, it is the duty of the collector to liquidate the entries on the basis of the dutiable values as found by this court in *Pacific Trading Co., Inc., supra*.

In a concurring opinion, I stated (p. 254) :

It is clear that there was more than a clerical error in the instant case; that the collector's action was beyond his authority under the statute. Consequently, his liquidations must be regarded as nullities. *Stubbs* v. *United States, supra*; *Lawrence Groom & Co.* v. *United States, supra*. Therefore, the protests, which claim that the entries should be *re*liquidated on the ground of clerical error, must be dismissed. However, it is proper for the court to note that it is the duty of the collector to liquidate the entries in the manner provided by law and on the basis of the final appraised values found by the court.

In *United States* v. *Straus & Sons et al., supra*, the court of appeals affirmed a decision of the Board of General Appraisers which held that the collector's reliquidation which was not in accordance with the protests and was made while the protests were pending was void, and the protests against the reliquidation were sustained. *L. Straus & Sons et al.* v. *United States*, 22 Treas. Dec. 972, T.D. 32581. The board also stated that the protests against the original liquidation had suspended the operation of the statute of limitations against reliquidation and that the collector was now free to take such action as the law directed.

It is evident from these cases that the proper disposition of a protest against a liquidation or reliquidation which is held void depends upon the particular circumstances involved.

In the instant case, entries numbered 020–82, 020–87, 020–91, 020–95, 020–101, and 020–111 were liquidated on January 30, 1956. No protests were filed against the liquidations, but the collector attempted to reliquidate the entries on April 20, 1956, long after his time to act had expired. Therefore, the appropriate decision

as to those entries is to sustain the claim in protest No. 294228–K that such reliquidations are illegal and void and to direct the collector to refund all duties taken pursuant to said attempted reliquidations.

Entries numbered 020–146 and 020–167 were originally liquidated on May 20, 1957. Had no protest been filed, the collector would have had until July 19 to reliquidate. However, a protest was filed on July 11, thus arresting the running of the statute of limitations. While the collector's reliquidations of September 30, 1957, during the pendency of the protest are illegal and void, he will still have 8 days after the decision on the original protest, No. 59/21355, becomes final and conclusive in which he may reliquidate. *Lorraine Fibre Mills, Inc.* v. *United States, supra.* The appropriate decision in this situation is to sustain the claim in protest No. 59/21356 that the reliquidations of September 30, 1957, are illegal and void, and to direct the collector either to make a legal reliquidation during the 8-day period or to refund the duties taken pursuant to the attempted reliquidations of September 30, 1957.